Per curiam.

This matter'has already been settled in effect, by the solemn decision of the Supreme Court in the case quoted by the plaintiff’s counsel. In Pennsylvania, “any ‘ ‘ one by having recourse to the offices of the recorders, may “ascertain the previous liens upon the property, which he ‘ ‘ wishes to purchase. ’ ’ The records are constructive notices to all mankind. We still adhere to that opinion. Our situation is very different from that of England, as to transferring or mortgaging landed property. There by a general statute (27 Hen. 8. c. ±6,) bargains and sales alone by deed *173 indented, must be enrolled within six months in one' of the courts of Westminister Hall, or with the cusios rotulorum of the county. 2 Black. Com. 338. In the counties of York and Middlesex, and some other provincial divisions, special acts of parliament have directed the registry of deeds and wills in their several districts; but it is confined to them alone. Ibid. 343. It is not to be wondered at, that in England the circumstance of the mortgagee having the title deeds in his hands should be deemed of consequence, where the alienation or incumbrances are secret. There purchasers or creditors cannot know with any absolute certainty, what the estate, and the title to it, in reality are, upon, which they are to lay out or lend their money. 2 Black. Com. 342.
Cited in 87 Pa., 206, to support the proposition that recording a mortgage was constructive notice to a married woman.
Cited also in 77 Pa., 377.
Messrs. W. Smith and Mark Biddle, pro quer.
Messrs. Clymer and Read, pro def.
Verdict pro quer. by consent for 200I.
Vide. 2. Brown’s Cha. Rep. 650. Mortgagee of a revision not having the title deeds, shall not be postponed to another mortgagee (whose mortgage was made after mortgagor came into possession) who has the title deeds, there being neither fraud nor gross negligence.
But it is not so here. The law directs that mortgages shall be recorded within six months, and any man may discover the incumbrances, if he will take the trouble of searching the proper offices. If he will not, he must impute the consequences to his own laches. Vigilantibus non dormientibus leges siibservmnt. Besides it is not a general custom in this government for mortgagees to receive the possession of title deeds. It may be done in some instances by very prudent persons who lend out money, ex abundanti caiitela, but it is far from being generally practised.
The chief justice in the course of the trial said: — In one case only can the mortgagee be affected by suffering the title deeds to remain in the hands of the mortgagor; and that is, where after the execution of the mortgage, and before the same is recorded, the mortgagor, on the strength of the title papers in his hands, borrows money on a second mortgage. If this second loan was made without knowledge of the first incumbrance, and before the first mortgage was put into the recorder’s office, there I should apprehend the first mortgagee should be postponed.