# Pepper's Appeal.

1. Under Act of April 9th 1849, sect. 14, recording the assignment of a mortgage is notice to a subsequent assignee.

2. Where recording an instrument under the Acts of Assembly is discretionary, and the instrument is recorded, all the incidents and force of a public record attach to the record.

3. A mortgage was assigned by an attorney in fact of the mortgagee; the assignment was recorded; the assignee permitted the papers to remain with the attorney, who afterwards assigned the mortgage to another who had no *actual* notice of the prior assignment. *Held*, that the first assignee was entitled to the proceeds of the mortgage.

February 5th 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Appeal from the District Court of *Philadelphia :*    Of January Term 1873, No. 199.

This case arose under the following facts :

On the 16th of February 1869, Mary J. Pennypacker executed a bond and mortgage to David F. Schuler for $2000.

On the 27th of the same month, Schuler executed a power of attorney to Raimond D. Fox, to sell, assign, &c., all his real and personal property, &c. ; by virtue of this power of attorney, Fox assigned the mortgage to Carroll Neide, on the 28th of May 1869. The assignment was recorded the same day.    The mortgage and bond, with the assignment, were left in the possession of Fox, who was Neide's conveyancer and agent, had acted for him in the purchase of the mortgage, and had been his intimate friend for a long time.    Fox had the reputation also of being a man of integrity, and a responsible conveyancer.

On the 7th of February 1870, Fox having the bond and mortgage in his possession, under the same power of attorney, assigned them to David Pepper, and delivered them to him with the assignment.    Pepper was a bonâ fide purchaser, and had no actual notice of the assignment to Neide.    Pepper's assignment was recorded February 9th 1870.

On the 13th of December 1871, Neide issued a scire facias on the mortgage, and judgment being recovered on it, by agreement of parties the amount, $2070.25, was paid into court, to be paid to the party who the court should determine was entitled to it.    The matter was referred to W. W. Weighly, Esq., who found the foregoing facts.

He reported also, as his opinion, that the assignment of a mortgage is not within the recording acts, so as to make its record notice to a subsequent assignee.    He further reported that Neide was guilty of gross negligence in selecting as his agent, the agent of the mortgagee, and leaving the bond and mortgage in his possession, knowing that he had a power of attorney to assign, &c., from the mortgagee.

He therefore awarded to Pepper the money in court, $1818.50, after deducting expenses.

Neide filed exceptions to the report of the auditor :

1. That he had found there was gross negligence on the part of Neide.

2. That the assignment of the mortgage was not within the recording acts, and therefore its record was not notice to Pepper.

The Act of April 8th 1849, sect. 14, Pamph. L. 527, 1 Bright. Purd. 471, pl. 66, provides that "All assignments of mortgages * * * may be recorded in the office for recording of deeds in the county in which the mortgage assigned * * * may be, or shall have been recorded ; and the record of such instrument, or a duly

certified copy thereof, shall be as good evidence as the original assignment." * * *

The District Court, Mitchell, J., sustained the exception, and awarded the fund to Neide.

Pepper appealed to the Supreme Court, and assigned the decree of the District Court for error.

*W. B. Robins* and *H. Wharton*, for appellants.—As to whether the record of the assignment was notice: Craft *v.* Webster, 4 Rawle 242; Mott *v.* Clark, 9 Barr 400; Philips *v.* Bank, 6 Harris 402; Goff *v.* Denny, 2 Phila. R. 273.

*W. M. Lansdale* and *J. B. Townsend*, for appellee.

Mr. Justice MERCUR delivered the opinion of the court, May 10th 1875.

The contention in this case is between two claimants for the money collected on a mortgage. Each has an assignment for a valuable consideration duly executed by the attorney of the mortgagee.

The assignment to the appellee was made on the 28th May 1869, and duly recorded on the same day. The one to the appellant was executed on the 7th February 1870, and recorded two days thereafter. The question raised by the first assignment is whether the recording of the first assignment was notice to the appellant.

The 14th section of the Act of 9th April 1849, Purd. Dig. 471, pl. 66, declares "all assignments of mortgages, and letters of attorney authorizing the satisfaction of mortgages, duly executed and acknowledged in the manner provided by law for the acknowledgment of deeds, may be recorded in the office for the recording of deeds in the county in which the mortgage assigned or authorized to be satisfied may be or shall have been recorded, and the record of such instrument or a duly certified copy thereof shall be as good evidence as the original assignment or letter of attorney, when duly proved in any court of justice."

It is contended that although this act permits the assignment of a mortgage to be recorded, yet the authority is so far discretionary, that if recorded, the effect is limited to making the record, or a certified copy, evidence. That inasmuch as the language of the statute declares it "may be recorded," it is insufficient to make the record notice to a subsequent assignee.

To this we answer that "may be recorded" are the identical words used in many of the Acts of Assembly providing for the recording of instruments of writing, and substantially the language used in others.

"May be recorded" is the language of the 2d sect. of the Act of 2d May 1715, Purd. Dig. 460, pl. 10, providing for the record-

ing of deeds and conveyances of lands ; of the 1st sect. of the Act of 15th April 1828, Id. 470, pl. 61, providing for the recording of any release or other instrument of writing being evidence of the payment or satisfaction of any legacy charged upon lands, and any release or other instrument of writing given to any executor, administrator, assignee, trustee or guardian ; of the 12th sect. of the Act of 5th May 1841, Id. 468, pl. 53, authorizing the recording of deeds or other instruments of writing touching or concerning lands, tenements and hereditaments in cases where the acknowledgment had been taken before the mayor or recorder of the city of Philadelphia; of the 1st sect. of the Act of 14th March 1846, Id. 470, pl. 62, authorizing the recording of all patents granted by the Commonwealth, and all deeds of sheriffs, coroners, marshals and treasurers, and all deeds made in pursuance of a decree of any court; of the 2d sect. of the Act of the 5th April 1849, Id. pl. 65, authorizing all deeds of county commissioners to be recorded ; of the 24th sect. of the Act of 26th April 1850, Id. 471, pl. 68, authorizing the recording of any release or instrument of writing made out of the state, being evidence of the payment or release of any legacy or recognisance charged on lands within this state ; of the 1st sect. of the Act of 27th April 1854, Id. pl. 69, providing for the recording of releases executed without subscribing witnesses ; of the 1st sect. of the Act of 17th May 1866, Id. pl. 71, authorizing the recording of releases executed in other states, being evidence of payment or satisfaction of any legacy, dower or recognisance charged upon lands, and also any release or other instrument of writing given to any executor, administrator, assignee, trustee or guardian, as if duly executed within this state ; of the 2d sect. of the same act, Id. 469, pl. 60, making valid former acknowledgments of releases and authorizing them to be recorded.

"Entitled to be recorded" is the language of the 1st sect. of the Act of 23d March 1819, Id. 461, pl. 16, authorizing the recording of deeds, conveyances and other instruments of writing concerning any lands, tenements or hereditaments within this state, acknowledged before judges of the United States courts, and the judges and justices of the Supreme Court or Courts of Common Pleas of any state or territory within the United States ; of the 15th sect. of the Act of 16th April 1840, Id. 468, pl. 51, providing for the recording of deeds theretofore executed by husband and wife, and acknowledged before an officer of another state ; of the 8th sect. of the Act of 10th April 1849, Id. 462, pl. 20, providing a mode of acknowledgment, made out of this state, sufficient to authorize the recording of deeds, conveyances and other instruments of writing, concerning any lands, tenements and hereditaments within this state ; of the 42d sect. of the Act of 25th April 1850, Id. 463, pl. 21, legalizing acknowledgments theretofore made before any judge of any court of record in any state or territory

of the United States, and authorizing them to be recorded; of the 1st sect. of the Act of 5th May 1854, Id. 469, pl. 57, validating deeds theretofore acknowledged before any officer in another state, who by the laws thereof was authorized to take the acknowledgment of deeds conveying lands therein and providing for their recording.

Thus it appears that the language of the Acts of Assembly providing for the recording of written instruments has not generally been mandatory. When recorded, however, we do not understand the effect thereof is in any respect lessened by the absence of an imperative command to record. It is optional whether or not to record. When the election is made and an instrument authorized by law to be recorded, is actually recorded, all the incidents and force of a public record attach to that record. It is an early and well recognised principle that one great object in spreading an instrument of writing on a public record, is to give constructive notice of its contents to all mankind : Levine v. Will, 1 Dall. 430; Evans v. Jones et al., 1 Yeates 173 ; Brotherton v. Livingston, 3 W. & S. 334. We discover no evidence of legislative attempt to make the record of the assignment of a mortgage less effective than that of the mortgage itself. It was held in Pryor v. Wood et al., 7 Casey 142, the assignment of a mortgage, duly executed and recorded passed the legal title, and no suit could subsequently be maintained thereon in the name of the assignor for the use of the assignee. In Partridge v. Partridge, 2 Wright 78, where the assignment was not under seal nor in the presence of witnesses and not acknowledged and recorded, it was held, the scire facias might issue in the name of the holder of the legal title for the use of the assignee. The 1st sect. of the Act of 22d April 1863, Purd. Dig 485, pl. 130, provides, however, that the assignee of a mortgage, although the assignment has been duly recorded, may, at his option, sue and proceed thereon, either in his own name, or in the name of the mortgagee, to his use.

Prior to the enactment of the 14th sect. of the Act of 9th April 1849, *supra*, the decisions were conflicting as to whether the assignment of a mortgage was within the recording acts. In Craft v. Webster, 4 Rawle 242, and in Mott v. Clark, 9 Barr 399, it was held not to be ; but in Philips v. Bank of Lewistown, 6 Harris 394, it was held to be within the recording Act of 28th May 1715. The right to record this assignment was set at rest by the Act of 1849. To adopt the view urged for the appellant would defeat the main object of all the statutes which we have cited. Instead of a system designed to give unity and harmony to the recording acts, it would inaugurate one fraught with mischief and uncertainty.

It was alleged on the argument that it is not customary in Philadelphia to search the records for assignments of mortgages. In

other parts of the state we think the practice is generally otherwise. Be that as it may, if any custom exists not in harmony with the Act of 1849, it must give way to the statute. *Malus usus abolendus est.*

As the view we have taken is decisive of the case, it is unnecessary to consider the other assignments.

>Decree affirmed, and it is ordered that the appellee pay the costs of this appeal.

SHARSWOOD and PAXSON, JJ., dissented.