# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3026

_____

The County of Ramsey; The County of Hennepin, on behalf of themselves and all other Minnesota counties

*Plaintiffs - Appellants*

v.

MERSCORP Holdings, Inc.; Mortgage Electronic Registration Systems, Inc.; Bank of America Corporation; Bank of America, N.A; Citigroup, Inc.; CitiBank, N.A.; CitiMortgage, Inc.; Deutsche Bank National Trust Company; EverBank; Goldman Sachs Mortgage Company; GS Mortgage Securities Corp.; HSBC Bank USA, N.A.; JP Morgan Chase Bank, N.A.; Morgan Stanley ABS Capital I, Inc.; SunTrust Mortgage, Inc.; TCF National Bank; The Bank of New York Mellon; United Guaranty Corporation; US Bank N.A.; Wells Fargo Bank N.A.; Does Corporation I-MMM

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: September 8, 2014
Filed: December 19, 2014

_____

Before RILEY, Chief Judge, COLLOTON and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Eighty-seven Minnesota counties (Counties) filed a class-action suit against the Appellees, various loan originators and servicers (Lenders), alleging that the Lenders' use of the Mortgage Electronic Registration System (MERS) deprived the Counties of recording fees on mortgage assignments by allowing parties to bypass recordation with the Counties themselves. The Lenders removed the case to federal court and filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which the district court[1] granted. The Counties appeal, asserting that the district court erred in determining that Minnesota's Recording Act was not mandatory and that the Counties' unjust enrichment and public nuisance claims failed in the absence of a recording requirement. The Counties also request that we certify a question to the Minnesota Supreme Court regarding the interpretation of Minnesota's Recording Act. We decline to certify a question to the Minnesota Supreme Court, and affirm the district court's dismissal of the Counties' claims.

I.

Under Minnesota law, mortgages on real property are generally recorded in the county recorder's office in the county where the real property is located. The advent of MERS altered this structure by establishing a national electronic registry for tracking mortgages. MERS does not originate, assign, or service the mortgages. It charges a fee when members record or transfer a mortgage on the registry. Upon initial recording, mortgages are recorded with the county recorder and MERS becomes the mortgagee of record. With subsequent transfers, MERS remains the mortgagee of record in the county property records, but tracks the transfers for priority purposes on its registry. Transfers of mortgages are not recorded in the county where the property is located. The Lenders in this suit are members of MERS who register and track changes on the mortgages they maintain in the MERS database.

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

The Counties brought this class action in state court alleging that the Lenders violated Minnesota law by allowing mortgagees to circumvent recordation in the counties' recording offices. The Counties allege that this failure to record caused the loss of statutory recording fees and created gaps in chains of title. The Counties sought a declaration that the Lenders violated Minnesota law by assigning mortgages without recording the assignment in the appropriate county recorder's office and asserted claims for unjust enrichment and public nuisance. The Lenders removed the case to federal court and filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

The district court granted the Lenders' motion to dismiss, finding that there was no duty to record a mortgage assignment under Minnesota law. The court determined that the operative language "shall be recorded" in the Minnesota Recording Act does not require recordation of land transfers, but instead informs parties where they should record their instrument if they desire the benefits of recordation, namely the establishing of priority. The district court also dismissed the Counties' claims for unjust enrichment and public nuisance because they could not survive in the absence of a duty to record. This appeal follows.

II.

We first review whether the district court erred in determining that the Minnesota Recording Act does not impose a mandatory recording requirement for all mortgages and subsequent assignments. We review a district court's interpretation of state law de novo. David v. Tanksley, 218 F.3d 928, 930 (8th Cir. 2000). In interpreting state law, we are bound by the decisions of the state's highest court. Id. The Counties allege that the Recording Act imposes a duty to record all mortgages

and assignments with the county in which the real property is located, resulting in MERS unlawfully depriving the Counties of the benefits of such recordation.

Under the Minnesota Recording Act,

> [e]very conveyance of real estate shall be recorded in the office of the county recorder of the county where such real estate is situated; and every such conveyance not so recorded shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate, or any part thereof, whose conveyance is first duly recorded.

Minn. Stat. § 507.34. Minnesota courts interpreting this statute have determined that it does not impose a duty to record all mortgages and assignments; rather it provides a mortgagee with guidance should he wish to protect his mortgage against subsequent purchasers or other claimants. See Citizens State Bank v. Raven Trading Partners, Inc., 786 N.W.2d 274, 278 (Minn. 2010) ("The purpose of the Minnesota Recording Act is to protect recorded titles against the gross negligence of those who fail to record their interests in real property."); Jackson v. Mortg. Elec. Registration Sys., Inc., 770 N.W.2d 487, 495 (Minn. 2009) ("The Recording Act creates no obligations; rather it uses recording to resolve disputes between parties who have no contractual relationship, but who lay claim to the same title . . . . By contrast, the foreclosure by advertisement statutes prescribe mandatory requirements which must be met for a party to proceed under the statutes."); Miller v. Hennen, 438 N.W.2d 366, 369 (Minn. 1989) (explaining that the purpose of the Recording Act is to protect bona fide purchasers); Claflin v. Commercial State Bank of Two Harbors, 487 N.W.2d 242, 248 (Minn. Ct. App. 1992) ("The purpose of [the Minnesota Recording Act] is to protect those who purchase real estate in reliance upon the record."). Because we believe Minnesota case law establishes that Minnesota law imposes no duty to record a mortgage or a mortgage assignment with the county recorder, the district court did not err in its determination that there was no mandatory recording requirement under Minnesota law.

III.

We next consider whether the district court erred in dismissing the Counties'
unjust enrichment and public nuisance claims on the basis that they could not survive
in the absence of a mandatory recording statute. We review a district court's grant of
a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure
12(b)(6) de novo. Botten v. Shorma, 440 F.3d 979, 980 (8th Cir. 2006). The Counties
allege that the Lenders have been unjustly enriched by enjoying the benefits conferred
by recording without paying the recording fees that otherwise would be paid to the
individual counties. The Counties also allege that allowing mortgagees to utilize
MERS and bypass the county recording system has resulted in a public nuisance by
interfering with the Counties' abilities to keep accurate land records.

Our court has recently held that a county cannot state a claim for unjust
enrichment when there is no duty under state law to record mortgages or subsequent
assignments. See Brown v. Mortg. Elec. Registration Sys., Inc., 738 F.3d 926, 935
(8th Cir. 2013) ("Without a duty to record, . . . Lenders have retained nothing of value
to which they are not entitled, and there is nothing they could be required to restore
to the county."). Other courts have reached the same conclusion. See, e.g., Macon
Cnty., Ill. v. MERSCORP, Inc., 742 F.3d 711, 714 (7th Cir. 2014) ("[T]he defendants
are bypassing the County's recording system, as they are entitled to do because there
is no requirement that either the initial granting of a mortgage or its assignment be
recorded, let alone that the assignment of a promissory note be recorded."). Without
a duty to record, the Counties cannot state a claim for unjust enrichment.

Regarding the Counties' public nuisance claims, we decline to consider the
issue here because the Counties advance a claim that differs from the theory presented
before the district court. See S. Wine & Spirits of Am., Inc. v. Div. of Alcohol and
Tobacco Control, 731 F.3d 799, 807 (8th Cir. 2013) (explaining that a question is

waived if it is not presented to the district court).  Because the Counties did not raise the claim before the district court, we deem it waived. We thus affirm the district court's dismissal of both the unjust enrichment and public nuisance claims.

## IV.

Finally, the Counties assert that the question of whether the Minnesota Recording Act imposes a duty to record all mortgages and subsequent assignments is a novel question of state law that warrants certification of the question to the Minnesota Supreme Court.  "[A]bsent a close question of state law or a lack of state guidance, a federal court should determine all the issues before it." Anderson v. Hess Corp., 649 F.3d 891, 895 (8th Cir. 2011).  Minnesota's application of the Recording Act is not a close question of state law where state-court guidance is lacking. See, e.g., Citizens State Bank, 786 N.W.2d at 278.  Minnesota courts have interpreted the Act in numerous instances, and the issue before us requires straightforward application of this case law.  See Brown, 738 F.3d at 934 (declining to exercise Burford abstention because "[t]his is a standard enforcement proceeding requiring the federal court to apply Arkansas state law in a way that has already been interpreted by Arkansas state courts.").  This is not a close question of state law that necessitates certification of a question to the Minnesota Supreme Court.  We decline the Counties' request.

## V.

For the foregoing reasons, we affirm the judgment of the district court granting the Lenders' motion to dismiss and decline to certify the question regarding the interpretation of the Minnesota Recording Act to the Minnesota Supreme Court.

_____