**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 14-4315

———————

MONTGOMERY COUNTY, PENNSYLVANIA,
RECORDER OF DEEDS, By and Through Nancy J. Becker,
In Her Official Capacity as the Recorder of Deeds of
Montgomery County, Pennsylvania, On Its Own Behalf and
On Behalf of All Others Similarly Situated

v.

MERSCORP INC; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC,
                                            Appellants

———————

APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA
(D.C. Civil No. 11-cv-06968)
District Judge:  Honorable J. Curtis Joyner

———————

Argued:  June 25, 2015

———————

Before: CHAGARES, KRAUSE and BARRY, *Circuit Judges*

(Opinion Filed:  August 3, 2015)

———————

Robert M. Brochin, Esq. (*Argued*)
Brian M. Ercole, Esq.
Morgan, Lewis & Bockius
200 South Biscayne Boulevard
5300 Southeast Financial Center
Miami, FL 33131

-AND-
Peter Buscemi, Esq.
Morgan, Lewis & Bockius
1111 Pennsylvania Avenue, N.W.
Suite 800 North
Washington, DC 20004
-AND-
Franco A. Corrado, Esq.
Joseph B.G. Fay, Esq.
Morgan, Lewis & Bockius
1701 Market Street
Philadelphia, PA 19103
-AND-
Nicholas C. Vance, Esq.
GlaxoSmithKline
5 Crescent Drive
Navy Yard Corporate Center
Philadelphia, PA 19112
-AND-
Andrew C. Whitney, Esq.
Morgan, Lewis & Bockius
1701 Market Street
Philadelphia, PA 19103

*Counsel for Appellants*

Joseph C. Kohn, Esq. (*Argued*)
Craig W. Hillwig, Esq.
William E. Hoese, Esq.
Robert J. LaRocca, Esq.
Kohn, Swift & Graf
One South Broad Street
Suite 2100
Philadelphia, PA 19107
-AND-
Jonathan W. Cuneo, Esq.
Jennifer E. Kelly, Esq.
Cuneo, Gilbert & LaDuca
507 C Street, N.E.
Washington, DC 20002
-AND-
Charles J. LaDuca, Esq.

2

Cuneo, Gilbert & LaDuca
8120 Woodmont Avenue
Suite 810
Bethesda, MD 20814
      -AND
William H. Lamb, Esq.
Maureen M. McBride, Esq.
James C. Sargent, Jr., Esq.
Lamb McErlane
24 East Market Street
P.O. Box 565
West Chester, PA 19381
      -AND-
Gary E. Mason, Esq.
Jason S. Rathod, Esq.
Whitfield, Bryson & Mason
1625 Massachusetts Avenue, N.W.
Suite 605
Washington, DC 20036

*Counsel for Appellee*

David J. Bird, Esq.
Paige H. Forster, Esq.
Henry F. Reichner, Esq.
Reed Smith
225 Fifth Avenue
Suite 1200
Pittsburgh, PA 15222

*Counsel for Amicus Appellant Federal Home Loan Mortgage
Corp*

Gregory W. Happ, Esq.
331 East Washington Street
Medina, OH 44256

*Counsel for Amicus Appellee National Association of
Independent Land Title Agents*

Edward J. Hayes, Esq.
Lauren P. McKenna, Esq.

3

Robert S. Tintner, Esq.
Fox Rothschild
2000 Market Street
20th Floor
Philadelphia, PA 19103

*Counsel for Amicus Appellant Pennsylvania Land Title Association*

David R. Fine, Esq.
Raymond P. Pepe, Esq.
K&L Gates
17 North Second Street
18th Floor
Harrisburg, PA 17101

*Counsel for Amicus Appellant Pennsylvania Bankers Association*

Benjamin D. Geffen, Esq.
Public Interest Law Center of Philadelphia
1709 Benjamin Franklin Parkway
United Way Building, 2nd Floor
Philadelphia, PA 19103

*Counsel for Amicus Appellees Pennsylvania Legal Aid Network, Community Legal Services Inc, Housing Alliance of Pennsylvania, National Association of Consumer Advocates and Consumer Credit Counseling Service of Delaware Valley*

Max Weinstein, Esq.
Legal Services Center of Harvard Law School
122 Boylston Street
Jamaica Plain, MA 02130

*Counsel for Amicus Appellees Legal Services Center of Harvard Law School, Rebecca Tushnet, Joseph William Singer, David Reiss and Melanie Leslie*

Jeffrey S. Shank, Esq.
John M. Smith, Esq.
Gingrich Smith Klingensmith and Dolan

4

222 South Market Street
Suite 201
Elizabeth, PA 17022

*Counsel for Amicus Appellee Pennsylvania Recorder of Deeds Association*

Carmen P. Belefonte, Esq.
Saltz, Mongeluzzi, Barrett & Bendesky
20 West Third Street
P.O. Box 1670
Media, PA 19063
-AND-
Simon B. Paris, Esq.
Saltz, Mongeluzzi, Barrett & Bendesky
1650 Market Street
One Liberty Place, 52nd Floor
Philadelphia, PA 19103

*Counsel for Amicus Appellee Thomas J. Judge, Sr.*

Louis B. Kupperman, Esq.
Obermayer, Rebmann, Maxwell & Hippel
1617 John F. Kennedy Boulevard
One Penn Center, 19th Floor
Philadelphia, PA 19103
-AND-
Joshua D. Snyder, Esq.
Boni & Zack
15 St. Asaphs Road
Bala Cynwyd, PA 19004

*Counsel for Amicus Appellees Counsel of Bucks, County of Chester and Joseph J. Szafran*

Rigel C. Farr, Esq.
Louis B. Kupperman, Esq.
Joshua D. Snyder, Esq.
Daniel P. Finegan, Esq.
William J. Leonard, Esq.
Obermayer, Rebmann, Maxwell & Hippel
1617 John F. Kennedy Boulevard

5

One Penn Center, 19th Floor
Philadelphia, PA 19103

*Counsel for Amicus Appellee Richard T. Loughery*

—————

OPINION OF THE COURT

—————

BARRY, *Circuit Judge*

In 2011, Appellee Nancy J. Becker, the Recorder of Deeds for Montgomery County, Pennsylvania ("the Recorder"), brought this action on behalf of herself and other similarly situated county recorders of deeds in Pennsylvania against MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc., entities associated with the MERS System ("MERS"), a national electronic registry system for mortgage loans. The Recorder sought to recover millions of dollars in unpaid recording fees, contending that the MERS entities have unlawfully failed to pay such fees in violation of Pennsylvania law, 21 Pa. Cons. Stat. Ann. § 351. Because we conclude that § 351 does not create a duty to record all land conveyances, a key premise on which the Recorder's claims were and are based, we will reverse.

We will also deny the Recorder's motion for certification of two issues to the Supreme Court of Pennsylvania. The answer to the issue of state law that decides this case, at least before us, is so clear that we would be abdicating our responsibilities by punting. We recognize, of course, that were the Supreme Court at some point to answer the question differently, that decision would control. *Cf. County of Ramsey v. MERSCORP Holdings, Inc.*, 776 F.3d 947, 951 (8th Cir. 2014) (declining to certify issue to the state's highest court); *Union County, Ill. v. MERSCORP, Inc.*, 735 F.3d 730, 735 (7th Cir. 2013) (same).

I.

MERS is a national electronic loan registry system that permits its members to freely transfer, among themselves, the promissory notes associated with mortgages, while MERS

6

remains the mortgagee of record in public land records as "nominee" for the note holder and its successors and assigns.[1] MERS facilitates the secondary market for mortgages by permitting its members to transfer the beneficial interest associated with a mortgage—that is, the right to repayment pursuant to the terms of the promissory note—to one another, recording such transfers in the MERS database to notify one another and establish priority, instead of recording such transfers as mortgage assignments in local land recording offices. It was created, in part, to reduce costs associated with the transfer of notes secured by mortgages by permitting note holders to avoid recording fees.

In the Recorder's class action complaint, she sought a declaratory judgment and permanent injunction establishing that the MERS entities failed to record mortgage assignments in violation of Pennsylvania state law, 21 Pa. Cons. Stat. Ann. § 351, and brought claims for violation of § 351, civil conspiracy to violate § 351, and unjust enrichment, based on failure to pay recording fees.[2] The Recorder contends that

---

[1] MERSCORP, Inc., now known as MERSCORP Holdings, Inc., is the parent company that owns and operates the system, while Mortgage Electronic Registration Systems, Inc. is the entity that serves as mortgagee of record in local land recording offices. Additional background and explanation of how MERS operates is set forth in the District Court's opinion.

[2] The Recorder did not plead a quiet title claim, but the District Court nevertheless "construed the pleadings to raise [one] without express invocation." (App. 70.) We take no position on whether the Court acted properly in so doing because it is clear that the Recorder cannot maintain a quiet title claim, as she does not claim an interest in land, only an interest in recording fees. *See, e.g.*, *Nat'l Christian Conference Ctr. v. Schuylkill Twp.*, 597 A.2d 248, 250 (Pa. Commw. Ct. 1991) ("The Center does not have an interest to support an action to quiet title because it has no possessory rights in the [land] . . . ."); *Moore v. Com., Dep't of Envtl. Res.*, 566 A.2d 905, 907 (Pa. Commw. Ct. 1989) ("[I]n order to prevail in an action to quiet title,

7

MERS "create[s] confusion amongst property owners, damage[s] the integrity of Pennsylvania's land records, and den[ies] [the Recorder] and the Class millions of dollars in uncollected fees." (App. 134.)

Section 351 provides as follows:

All deeds, conveyances, contracts, and other instruments of writing wherein it shall be the intention of the parties executing the same to grant, bargain, sell, and convey any lands, tenements, or hereditaments situate in this Commonwealth, upon being acknowledged by the parties executing the same or proved in the manner provided by the laws of this Commonwealth, shall be recorded in the office for the recording of deeds in the county where such lands, tenements, and hereditaments are situate. Every such deed, conveyance, contract, or other instrument of writing which shall not be acknowledged or proved and recorded, as aforesaid, shall be adjudged fraudulent and void as to any subsequent bona fide purchaser . . . .

In its motions to dismiss and for summary judgment, MERS argued that § 351 does not impose a duty to record all land conveyances and that, even if § 351 imposed such a duty, the transfers of promissory notes among MERS members do not constitute assignments of the mortgage itself and thus are not conveyances of land. It also argued that the Recorder lacked a right of action, and that, in any case, MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc., were not the correct parties against which a duty to record could be enforced.

In a series of opinions, the District Court rejected these

---

plaintiff must establish title by a fair preponderance of the evidence.") *see also Albert v. Lehigh Coal & Nav. Co.*, 246 A.2d 840, 843 (Pa. 1968); *White v. Young*, 186 A.2d 919, 921 (Pa. 1963).

arguments.[3]   In its opinion and order filed on October 19, 2012, the Court held that § 351's language providing that conveyances "shall be recorded" was clear, indicating that all conveyances must be recorded.  *Montgomery Cnty., Pa. v. MERSCORP, Inc.*, 904 F. Supp. 2d 436, 443-45 (E.D. Pa. 2012).  The Court also observed that the statute appeared under a heading, "NECESSITY OF RECORDING AND COMPULSORY RECORDING," while other statutes appeared under a heading, "INSTRUMENTS SUBJECT TO RECORD," and used the words "may be recorded," indicating significance in the use of the term "shall" in § 351, instead of "may."  *Id*.  In its opinion and order filed on July 1, 2014, the Court granted the Recorder's request for a declaratory judgment and denied the MERS entities' motion for summary judgment.  *Montgomery Cnty., Pa. v. MERSCORP, Inc.*, 16 F. Supp. 3d 542, 565 (E.D. Pa. 2014).  The Court stated:  "We . . . declare that Defendants' failure to create and record documents evincing the transfers of promissory notes secured by mortgages on real estate in the Commonwealth of Pennsylvania is, was and will in the future be, in violation of the Pennsylvania Recording law – most particularly 21 P.S. § 351."  *Id*.  On September 8, 2014, the Court certified its July 1, 2014 order for interlocutory appeal.  We granted permission to appeal, and now reverse.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332, and we have jurisdiction over this interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  We exercise plenary review over a district court's decision to grant or deny summary judgment, *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 514 (3d Cir. 2012), and summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Our review of the district court's interpretation of state law is plenary."  *Borman v. Raymark Indus., Inc.*, 960 F.2d 327, 329 (3d Cir. 1992).

---

[3] The District Court did, however, dismiss the Recorder's conspiracy claim.

Where the highest court of a state has interpreted a state statute, "we apply the interpretation of state law by the state's own courts." *Kollar v. Miller*, 176 F.3d 175, 179 (3d Cir. 1999). "[W]hen there is no decision from the state's highest court directly on point," however, "we are charged with predicting how that court would resolve the question at issue." *Colliers Lanard & Axilbund v. Lloyds of London*, 458 F.3d 231, 236 (3d Cir. 2006). In doing so, we take into consideration any opinions of the state's intermediate courts, as well as "[t]he policies underlying applicable legal doctrine, current trends in the law and decisions of other courts." *City of Erie, Pa. v. Guar. Nat. Ins. Co.*, 109 F.3d 156, 160 (3d Cir. 1997).

III.

MERS raises several arguments on appeal, only one of which we need address to resolve the issues in this case. MERS contends that § 351 does not impose a duty to record all land conveyances, and that the statute's "shall be recorded" language, when read in context, indicates not that every conveyance must be recorded, but only that conveyances must be recorded in the county where the property is situated in order to preserve the property holder's rights as against a subsequent bona fide purchaser. We agree.

No Pennsylvania court has yet addressed whether § 351 creates a duty to record all land conveyances, and, as counsel for the Recorder acknowledged at oral argument, there is no decision of any Pennsylvania court applying § 351 in a manner consistent with the Recorder's preferred interpretation.[4] The primary purpose of Pennsylvania's land

---

[4] There are, however, decisions of Pennsylvania courts referring to recording as "optional" and "not obligatory." *See Pepper's Appeal*, 77 Pa. 373, 377 (Pa. 1875) ("Thus it appears that the language of the Acts of Assembly providing for the recording of written instruments has not generally been mandatory. . . . It is optional whether or not to record."); *see also Easton Rd. Enters. Inc. v. Mellon Bank*, Case No. 3220, 2007 WL 2024758 (Pa. Com. Pl. June 8, 2007) (stating

recording statutes is "to give public notice in whom the title resides; so that no one may be defrauded by deceptive appearance of title." *Salter v. Reed*, 15 Pa. 260, 263 (Pa. 1850); *see Mancine v. Concord-Liberty Sav. & Loan Ass'n*, 445 A.2d 744, 746 (Pa. Super. Ct. 1982) (citing *Salter*). The consequence of failure to record is set forth in § 351 itself: if a conveyance is not recorded in the appropriate place, it is void as to any subsequent bona fide purchaser. No other consequence for failure to record is set forth in Pennsylvania law.

Significantly, § 351 does not specify who must record a conveyance, when it must be recorded, or how a duty to record would be enforced. Moreover, as the District Court acknowledged, recording is not necessary to validly convey property in Pennsylvania. *See, e.g.*, *Matter of Pentrack's Estate*, 405 A.2d 879, 880 (Pa. 1979) ("Title to real estate may be passed by delivery of a deed without recording."); *Fiore v. Fiore*, 174 A.2d 858, 859 (Pa. 1961) (holding that "recording of the deed was not essential to its validity or the transition of the title"). If recording of all conveyances is required by § 351, as the Recorder suggests, it does not follow that Pennsylvania courts would recognize unrecorded conveyances as valid.

We find nothing in the history or context of § 351 to compel a conclusion to the contrary. As both parties acknowledge, the headings cited by the District Court, "NECESSITY OF RECORDING AND COMPULSORY RECORDING," and "INSTRUMENTS SUBJECT TO RECORD," were created by the publisher's editorial staff, not the legislature, and do not reflect legislative intent. (*See* Appellee's Br. at 35 n.12.) The Recorder urges us to find that § 351 creates a duty to record conveyances by reading the statute *in pari materia* with 21 Pa. Cons. Stat. Ann. § 356, a statute addressing written agreements relating to "rights or privileges of a permanent nature" in real property and containing language similar to that of § 351 (*i.e.*, "All agreements . . . shall be recorded in the office for the

that "recording is not obligatory," citing the Pennsylvania Law Encyclopedia).

11

recording of deeds in the county or counties wherein such real property is situate"). She argues that because the title of § 356 stated that it was an act "[R]equiring the recording of certain written instruments pertaining to real property," this proves that § 356 was intended to impose a duty to record, and that, by extension, § 351 must be interpreted the same way. *See* Act of Apr. 24, 1931, P.L. 48, No. 40 (reproduced at Addendum B to Appellee's Br.) (emphasis added).

We find this argument unpersuasive. Section 356 was enacted six years after § 351, and the use of "requiring" in the title of § 356 does not itself establish that § 356 imposes a duty to record. *See* 1 Pa. Cons. Stat. Ann. § 1924 (stating that while titles and headings may be considered in statutory interpretation, they do not control). In any event, the title of § 351 does not similarly use the term "requiring." *See* Act of May 12, 1925, P.L. 613, No. 327 (reproduced at Addendum A to Appellee's Br.) ("Regulating the recording of certain deeds, conveyances, and other instruments of writing, and fixing the effect thereof as to subsequent purchasers, mortgagees, and judgment creditors.") (emphasis added). In addition, although the parties dispute whether § 351 and its predecessor statutes rendered recording mandatory or optional, both parties acknowledge that until 1998, § 351 co-existed with another statute, 21 Pa. Cons. Stat. Ann. § 623, that explicitly indicated that the recording of mortgage assignments was optional. *See* Act of Apr. 9, 1849, P.L. 524, No. 354 § 14 (reproduced at Ex. F to Appellants' Br.). This would make little sense if § 351 and its predecessor statutes created a duty to record all land conveyances.

While the Recorder and the District Court accurately observed that the Pennsylvania legislature used "may be recorded" in other places in the recording statutes, *see, e.g.*, 21 Pa. Cons. Stat. Ann. §§ 383, 385, 404, suggesting that the legislature's use of "shall be recorded" in § 351 is significant, the words must be understood in context. Section 351 does not issue a blanket command that all conveyances must be recorded; it states that a conveyance "shall be recorded" in the appropriate place, or else the party risks losing his interest in the property to a bona fide purchaser. It informs property owners of what steps they must take in order

12

to safeguard their interests, and does not in any way state or imply that failure to record constitutes a violation of the statute enforceable by a recorder of deeds.

Our interpretation is in accord with the decisions of several other courts rejecting similar lawsuits brought under similar statutes by local recording officials against MERS entities. For example, in *Union County, Illinois v. MERSCORP, Inc.*, the Seventh Circuit interpreted an Illinois law materially identical to Pennsylvania's § 351 and held that it created no mandatory duty to record.[5] 735 F.3d at 733-34. The court rejected the local recording officials' argument that use of the language "shall be recorded" created a duty to record all conveyances. As the court observed:

> [A] moment's reflection will reveal the shallowness of [the counties'] recourse to "plain meaning," a tired, overused legal phrase. For suppose a department store posts the following notice: "All defective products must be returned to the fifth floor counter for refund." Obviously this is not a command that defective products be returned; the purchaser is free to keep a defective product, throw it out, or give it as a present to his worst friend. There's an implicit "if" in the command: *If* you want to return a product and get a refund, here's where you have to return it. Similarly, section 28 of the Conveyances Act may just mean that if you want to record your property interest you must do so in the county in which the property is located.

---

[5] The Illinois law provided that:
> Deeds, mortgages, powers of attorney, and other instruments relating to or affecting the title to real estate in this state, *shall be recorded* in the county in which such real estate is situated; but if such county is not organized, then in the county to which such unorganized county is attached for judicial purposes.

765 Ill. Comp. Stat. Ann. 5/28 (emphasis added).

*Id.* at 733. The court went on to observe that "the purpose of recordation has never been understood to supplement property taxes by making every landowner, mortgagee, etc. pay a fee for a service he doesn't want . . . . Recording is a valuable service, provided usually for a modest fee—but provided only to those who think the service worth the fee." *Id*. at 733-34. Likewise, the Eighth Circuit held in *County of Ramsey v. MERSCORP Holdings, Inc.*, that Minnesota's recording statute, also nearly identical to Pennsylvania's law, imposed no duty to record mortgage assignments.[6] 776 F.3d at 950. Other decisions have likewise rejected similar lawsuits against MERS entities on grounds that state law imposed no duty to record mortgages and/or assignments of mortgages. *See, e.g.*, *Harris Cnty., Tex. v. MERSCORP, Inc.*, --- F.3d ---, Case No. 14-10392, 2015 WL 3937927, *5-8 (5th Cir. June 26, 2015) (Texas law imposes no duty to record); *Plymouth Cnty., Iowa v. MERSCORP, Inc.*, 774 F.3d 1155, 1159 (8th Cir. 2014) (Iowa law imposes no duty to record); *Brown v. MERS, Inc.*, 738 F.3d 926, 934 (8th Cir. 2013) (Arkansas law imposes no duty to record); *Jackson Cnty., Mo. ex rel. Nixon v. MERSCORP, Inc.*, 915 F. Supp. 2d 1064, 1070 (W.D. Mo. 2013) (Missouri law imposes no duty to record).

Because we conclude that Pennsylvania's § 351 imposes no duty to record all land conveyances, we will reverse the July 1, 2014 order of the District Court which granted the Recorder's request for a declaratory judgment and

---

[6] Minnesota's law provided:

> Every conveyance of real estate *shall be recorded* in the office of the county recorder of the county where such real estate is situated; and every such conveyance not so recorded shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate, or any part thereof, whose conveyance is first duly recorded . . . .

Minn. Stat. § 507.34 (emphasis added).

denied the MERS entities' motion for summary judgment.[7]

[7] In light of our interpretation of § 351, the Recorder's unjust enrichment claim fails as a matter of law. To prevail on a claim for unjust enrichment in Pennsylvania, a plaintiff must prove: "(1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Mitchell v. Moore*, 729 A.2d 1200, 1203 (Pa. Super. 1999) (quoting *Schenck v. K.E. David, Ltd.*, 666 A.2d 327, 328 (Pa. Super. 1995)). Here, there is no evidence that the Recorder conferred any benefit on the MERS entities for which they failed to pay value. *See Harris Cnty.*, 2015 WL 3937927, at *12-13 (holding that in the absence of a duty to record, there could be no unjust enrichment claim (Texas law)); *Cnty. of Ramsey*, 776 F.3d at 950-51 (same (Minnesota law)); *Plymouth Cnty.*, 774 F.3d at 1159 (same (Iowa law)); *Brown*, 738 F.3d at 935 (same (Arkansas law)); *Jackson Cnty.*, 915 F. Supp. 2d at 1070-71 (same (Missouri law)); *Fuller v. Mortg. Elec. Registration Sys., Inc.*, 888 F. Supp. 2d 1257, 1274-75 (M.D. Fla. 2012) (same (Florida law)). As the Seventh Circuit explained in *Macon County, Ill. v. MERSCORP, Inc.*, 742 F.3d 711, 714 (7th Cir. 2014):

> There is no suggestion that the defendants in this case have committed an unlawful act, only that it is "unjust" that they should retain a benefit provided them by their circumvention of a method of mortgage protection that would yield revenues for Macon County. But they are not deriving any benefit from the County's method, the recording system, beyond the recording of the mortgage assignments to MERSCORP—for which MERSCORP pays the County's fee. Rather, the defendants are bypassing the County's recording system, as they are entitled to do because there is no requirement that either the initial granting of a mortgage or its assignment be recorded, let alone that the assignment of a promissory note be recorded.

15

We acknowledge the arguments of the Recorder and her amici contending that MERS has a harmful impact on homeowners, title professionals, local land records, and various public programs supported in part by the fees collected by Pennsylvania's recorders of deeds. In this appeal, however, we are not called upon to evaluate how MERS impacts various constituencies or to adjudicate whether MERS is good or bad. Just as the Seventh Circuit observed in *Union County,* while the Recorder is critical of MERS in several respects, "[her] appeal claims only that MERSCORP is violating [state law] by failing to record its transfer of mortgage debts, thus depriving the county governments of recording fees. That claim—the only one before us—has no merit." 735 F.3d at 734-35.

## IV.

We will reverse the July 1, 2014 order of the District Court and deny the motion for certification.[8]

---

[8] The Recorder moved to certify two questions of law: first, whether § 351 requires the recording of land conveyances, and, second, whether a county's Recorder of Deeds may bring an action to enforce the requirements of § 351. Because we have concluded that § 351 imposes no duty to record land conveyances, we need not address whether a recorder has a right of action under the statute. We note, however, that the Recorder's lack of an express or implied right of action under § 351 would provide an independent ground for judgment in favor of MERS. *See, e.g., Harris Cnty.*, 2015 WL 3937927, at *4-6 (no right of action under Texas law); *Christian Cnty. Clerk ex rel. Kem v. Mortg. Elec. Registration Sys., Inc.*, 515 F. App'x 451, 456-58 (6th Cir. 2013) (not precedential) (no right of action under Kentucky law); *Fuller*, 888 F. Supp. 2d at 1270-71 (no right of action under Florida law).