**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3270
_____

BRIAN C. HUMPHREYS,
Appellant

v.

MCCABE WEISBERG & CONWAY, P.C.; RAYMOND MAJCZAN, ESQ.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-15-cv-04355)
District Judge: Honorable Legrome D. Davis
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 3, 2017
Before: GREENAWAY, JR., GREENBERG and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 13, 2017)
_____

OPINION[*]
_____

PER CURIAM

     Brian Humphreys appeals pro se from an order of the District Court dismissing his

complaint and denying his motion for leave to file an amended complaint. For the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

reasons that follow, we will affirm the District Court's judgment. We also deny Humphreys' motions for oral argument, to vacate, and to strike.

Humphreys had a mortgage with Wachovia Bank, which merged with Wells Fargo Bank, N.A. Humphreys stopped making payments on his mortgage in 2010, and Wells Fargo initiated foreclosure proceedings in state court. In that foreclosure case, Humphreys argued that Wells Fargo had no right to foreclose because it had assigned his mortgage to Fannie Mae. The Pennsylvania Court of Common Pleas rejected that argument and granted summary judgment in Wells Fargo's favor, concluding that even if Wells Fargo had assigned some interest in receiving mortgage payments to Fannie Mae, Humphreys had not shown that Wells Fargo failed to retain its own interest as the mortgage note's holder in due course.

While the foreclosure case was pending, Humphreys brought suit in the District Court against the law firm and one lawyer who represented Wells Fargo. Humphreys' complaint raised a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., based on the idea that the defendants had falsely represented that Wells Fargo had the right to enforce the mortgage agreement. As the Act states, a debt collector may not "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The defendants moved to dismiss the complaint. Humphreys opposed the motion to dismiss and also sought leave to file an amended complaint, but did not attach a proposed amended complaint to that filing. The District Court granted the motion to dismiss on the ground that the issue

2

of Wells Fargo's ability to foreclose had already been litigated in the state court foreclosure case. Thereafter, Humphreys filed his proposed amended complaint, which raised several new federal law and state law claims, and named numerous additional new defendants. The District Court denied leave to amend, and this appeal followed.

We have jurisdiction to review the District Court's order dismissing Humphreys' complaint under 28 U.S.C. § 1291. We exercise plenary review over a district court's decision to grant a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Free Speech Coal., Inc. v. Attorney Gen. of U.S., 677 F.3d 519, 529-30 (3d Cir. 2012). We construe Humphreys' pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and may affirm the judgment on any basis that the record supports, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). "[I]n deciding a motion to dismiss, all well-pleaded allegations . . . must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (quotation marks omitted). To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We review the denial of leave to amend for an abuse of discretion. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

We will affirm. Humphreys may not seek to re-litigate matters that the state foreclosure case has already resolved. Humphreys' claim that the defendants made false

3

statements concerning Wells Fargo's enforcement rights in the foreclosure case are now barred, as that proceeding has resolved the question of Wells Fargo's ability to foreclose on Humphreys' property. See Metro. Edison Co. v. Pa. Pub. Util. Comm'n, 767 F.3d 335, 350-51 (3d Cir. 2014) (describing issue preclusion under Pennsylvania law).[1] In deciding that question, the state case necessarily determined that the defendants did not make false statements concerning Wells Fargo's rights in the foreclosure proceeding. Wells Fargo produced evidence that it possessed the mortgage note, giving it the right to bring enforcement proceedings after default. The defendants' contentions on behalf of Wells Fargo were therefore not false. Humphreys raised fraud and other issues as affirmative defenses, but the state court rejected Humphreys' arguments, including his assertion that the assignment of the mortgage to Fannie Mae precluded Wells Fargo from bringing the foreclosure case as the note holder. This issue is settled.[2]

Moreover, even if consideration of that issue were not strictly precluded in this suit, Humphreys' complaint also fails to state an FDCPA claim because it does not

---

[1] Issue preclusion requires, among other things, a "final adjudication on the merits[.]" Id. at 351. Consequently, it does not matter that the federal complaint in this case was filed before the state foreclosure case was decided; rather, the dates of the judgments determine preclusive effect. See Ellis v. Amex Life Ins. Co., 211 F.3d 935, 937-38 (5th Cir. 2000) (citing Restatement (Second) of Judgments § 14).

[2] Humphreys' pending state-court appeal of the foreclosure case does not deprive that judgment of preclusive effect. See Shaffer v. Smith 673 A.2d 872, 874 (Pa. 1996) ("A judgment is deemed final for purposes of res judicata or collateral estoppel unless or until it is reversed on appeal."); cf. also United States v. 5 Unlabeled Boxes, 572 F.3d 169, 175 (3d Cir. 2009) ("[T]he pendency of an appeal does not affect the potential for res judicata flowing from an otherwise-valid judgment.").

4

adequately plead that the defendants made any materially false statement that would have been confusing to the least sophisticated debtor. See Jensen v. Pressler & Pressler, 791 F.3d 413, 419-21 (3d Cir. 2015); Kaymark v. Bank of Am., N.A., 783 F.3d 168, 175-76 (3d Cir. 2015). Rather, the allegations of falsity in the complaint set out the kind of conclusory and speculative statements that cannot survive a motion to dismiss. See Iqbal, 556 U.S. at 678. Humphreys' reliance on Pennsylvania law is also misplaced: Pennsylvania courts have held that the holder in due course of a mortgage note is entitled to all rights under the note, including the right to enforce payment of the debt, see J.P. Morgan Chase Bank, N.A. v. Murray, 63 A.3d 1258, 1266 (Pa. Super. Ct. 2013), and Humphreys is wrong to assert that the decision not to record Wells Fargo's assignment of the mortgage makes it invalid, see Montgomery County, Pa. v. MERSCORP Inc., 795 F.3d 372, 376-77 (3d Cir. 2015).

We are also satisfied that the District Court did not abuse its discretion when it denied leave to amend the complaint. See Grayson, 293 F.3d at 114. The new federal law counts in Humphreys' proposed amended complaint relied on the same erroneous premise concerning whether Wells Fargo had the ability to foreclose after Humphreys stopped making mortgage payments in 2010, and otherwise asserted conclusory allegations that are insufficient under Iqbal. Consequently, "the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). And, with no properly pleaded federal counts in that complaint, it was appropriate for the District Court to decline to

5

exercise supplemental jurisdiction over the proposed state law counts. See 28 U.S.C. § 1367(c).

Finally, we accept Humphreys' corrections to his filings, but deny Humphreys' motions on appeal for oral argument, to vacate the Clerk's order of November 17, 2016, and to strike the Appellees' brief. Humphreys argues that oral argument is appropriate because of what he says is the complex factual background in this case and because he asserts that the Court might have questions about what he describes as the potential for collusion among certain defendants named in the proposed amended complaint. But as neither the factual background in this case nor the circumstances involving the defendants have been difficult to understand, oral argument is not necessary. As for the two remaining motions, Humphreys' argument fails to show that the Appellees' brief should not have been received and docketed following the Appellees' motion to file out-of-time. Moreover, it is clear that the District Court's orders should be affirmed irrespective of whether the Appellees' brief is considered.

Consequently, we will affirm the District Court's judgment.