515 A.2d 1024

Evelyn Land, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Housing Finance Agency, Respondent.

Submitted on briefs May 29, 1986, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Alan M. White,* for petitioner.

*Lawana M. Johns,* for respondent.

Opinion by Judge MacPhail, October 3, 1986:

Evelyn Land (Petitioner) applied to the Pennsylvania Housing Finance Agency (Agency) for emergency mortgage assistance on May 8, 1985. The Agency denied her application on August 15, 1985. Petitioner's administrative appeal was denied by the Agency on January 3,1986. Petitioner filed a petition for review with this Court on January 31, 1986. We vacate the Agency's decision and remand.

On March 26, 1979, Reginald Burney purchased a home at 7447 North 21st Street, Philadelphia, Pennsylvania from the Veterans Administration (VA) by way of a Real Estate Installment Sale Agreement (Agreement). Petitioner purchased all of Reginald Burney's interest in the home on December 29, 1983 through an Assignment of Rights Contract (Assignment). It appears that neither the Agreement nor the Assignment were recorded. Petitioner found herself unable to maintain the payments and consequently the VA mailed her a notice of availability of mortgage assistance pursuant to Section 402-C of the Housing Finance Agency Law (Law), Act of

December 3, 1959, P. L. 1688, *as amended,* added by Section 2 of the Act of December 23, 1983, P. L. 385, 35 P. S. §1680.402c. Petitioner applied for assistance with the Agency but was denied solely because the Agency determined that she was not the owner of the property securing the mortgage as required by Section 404-C(a) of the Law, 35 P. S. §1680.404c(a). Since Petitioner had never recorded her installment purchase agreement the VA was still the record owner. The Agency denied Petitioner's subsequent appeal.

On appeal to this Court, Petitioner argues that the Agency erred as a matter of law in determining that she was not the owner of her property based on its misunderstanding of Pennsylvania's recording laws. Petitioner argues that neither the Law nor the regulations promulgated pursuant to it require that her interest in the land be recorded to establish her ownership. Petitioner further argues that her due process rights were violated since she only learned, through the Agency's brief filed in this appeal, that the real reason her application was denied was due to her failure to record the installment purchase agreement and the Assignment thereof.

The Agency argues that it has the authority to make rules to implement the eligibility requirements of the Law and as one of its rules it requires all interests in land be recorded to prove ownership. Furthermore, the Agency argues that they did not err as a matter of law in denying Petitioner's mortgage assistance application based on her failure to record since Pennsylvania's recording laws render invalid an unrecorded interest in land. Finally, the Agency argues that the Law requires that a lien be placed on the property to secure the loan and that Petitioner has failed to show that a lien could be placed on her property since she is not the record owner. We note that the parties agree that a land sale contract is within the definition of a mortgage under the Law. *See* Respondent's brief, footnote 2, page 9.

Hence, the issues presented to this Court for resolution are: (1) did the Agency err as a matter of law when it interpreted and applied Pennsylvania's recording laws and determined that Petitioner was not the owner of her home solely because she had not recorded her interest; (2) does the Law, or any rules promulgated pursuant to it, require that an interest in land be recorded to establish one's ownership of the property; (3) is the determination of whether or not a lien can be placed on Petitioner's property important in determining her eligibility for mortgage assistance under the Law; and (4) was Petitioner denied due process of law? Because we agree with Petitioner that the Agency erred as a matter of law in determining that she had not established her ownership of the property, we need not address the other issues.

Preliminarily, we note that our scope of review of an order by an administrative agency where the party with the burden of proof below did not prevail, is limited to determining whether constitutional rights were violated, error of law was committed, or there was a capricious disregard of competent evidence. *Righter v. Department of Labor and Industry,* 86 Pa. Commonwealth Ct. 645, 486 A.2d 547 (1985).

The term "owner" is not defined in either the Law or the regulations. However, Pennsylvania law has historically recognized an equitable interest as an ownership interest. *See* Ladner, Conveyancing in Pennsylvania, Vol. 1, §6.10. Moreover, the Agency admits that Petitioner holds an equitable interest in her property which arises from her unrecorded installment purchase agreement. *See* Respondent's brief, page 5.

We turn first to the issue of whether the Agency erred as a matter of law when it interpreted and applied Pennsylvania's recording laws so as to determine that Petitioner was not the owner of her home. The Agency

cites Section 1 of the Act of May 12, 1925 (Act of 1925), P.L. 613, *as amended,* 21 P.S. §351; and Section 8 of the Act of May 28, 1715 (Act of 1715), 1 Sm.L. 94, *as amended,* 21 P.S. §621, for the proposition that Pennsylvania does not recognize instruments conveying land unless they are recorded. These statutes are inapposite.

Section 1 of the Act of 1925 provides as follows:

All deeds, conveyances, contracts, and other instruments of writing wherein it shall be the intention of the parties executing the same to grant, bargain, sell, and convey any lands, tenements, or hereditaments situate in this Commonwealth, upon being acknowledged by the parties executing the same or proved in the manner provided by the laws of this Commonwealth, shall be recorded in the office for the recording of deeds in the county where such lands, tenements, and hereditaments are situate. *Every such deed, conveyance, contract, or other instrument of writing which shall not be acknowledged or proved and recorded, as aforesaid, shall be adjudged fraudulent and void as to any subsequent bona fide purchaser or mortgagee or holder of any judgment,* duly entered in the prothonotary's office of the county in which the lands, tenements, or hereditaments are situate, *without actual or constructive notice* unless such deed, conveyance, contract, or instrument of writing shall be recorded, as aforesaid, before the recording of the deed or conveyance or the entry of the judgment under which such subsequent purchaser, mortgagee, or judgment creditor shall claim. Nothing contained in this act shall be construed to repeal or modify any law providing for the lien of purchase money mortgages.

21 P.S. §351 (emphasis added). The effect of this statute is to protect subsequent *bona fide* purchasers. *See Mancine v. Concord-Liberty Savings and Loan Assoc.*, 299 Pa. Superior Ct. 260, 445 A.2d 744 (1982); *Long John Silver's, Inc. v. Fiore*, 255 Pa. Superior Ct. 183, 386 A.2d 569 (1978). It does nothing to invalidate the ownership interest of one holding an unrecorded deed, or in this case, installment purchase agreement. In *Fiore*, the Court stated that under Pennsylvania law the buyer acquires an equitable interest in the land at the time of signing an unconditional agreement for sale regardless of whether it is recorded or not. *Fiore*, 255 Pa. Superior Ct. at 189-190, 386 A.2d at 572 (1978). Clearly, Section 351 does not render an unrecorded installment purchase agreement invalid.

Section 8 of the Act of 1715 likewise does not provide for the non-recognition of an unrecorded interest in land. It provides:

> No deed or mortgage, or defeasible deed, in the nature of mortgages, hereafter to be made, shall be good or sufficient to convey or pass any freehold or inheritance, or to grant any estate therein for life or years, unless such deed be acknowledged or proved and recorded within six months after the date thereof, where such lands lie, as hereinbefore directed for other deeds.

21 P.S. §621. Again, this section is intended to protect subsequent mortgagees and purchasers from injuries caused by secret pledges of property. *Nice's Appeal*, 54 Pa. 200 (1867). Under this statute, an unrecorded mortgage is good as against the mortgagor, his alienee or mortgagee with notice or a voluntary assignee for creditors. *Id.*

Clearly, Pennsylvania's recording laws do not render invalid an unrecorded interest in land. Accordingly, we hold that the Agency erred as a matter of law in deter-

mining that Petitioner was not the owner of her property under Section 404-C of the Law, based solely on her failure to record.[1] We, therefore, vacate the Agency's decision and remand this case to the Pennsylvania Housing Finance Agency for a determination of whether Petitioner meets the other eligibility requirements of the Law.

## ORDER

The final adjudication of the Pennsylvania Housing Finance Agency in the above-captioned case is vacated and the matter is remanded to the Agency for a determination of whether Petitioner is eligible for mortgage assistance.

Jurisdiction relinquished.

---

[1] Our own research has disclosed that 16 Pa. Code §§40.201 and 40.202 might support an Agency decision to reject a mortgage assistance application for failure to record. Since the Agency failed to rely on these regulations in ruling against Petitioner, they can have *no* effect on our decision in this case.

We also note that the requirement that the Agency's loan be secured by a lien on the property is not an eligibility requirement. *See* Sections 405-C(g) and 404-C of the Housing Finance Agency Law, 35 P.S. §§1680.405c(g) and 1680.404c, and 16 Pa. Code §40.202. However, even if it were a requirement, it is clear, in light of our decision that Petitioner is the owner of her property, that a lien could be placed on her property to the extent of her interest therein. *See* 24 P.L.E. Mortgages §101.