565 A.2d 859

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA GAME COMMISSION, Petitioner,**

v.

**Russell H.I. ULRICH and Dorothy M. Ulrich, his wife, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Sept. 15, 1989.

Decided Nov. 3, 1989.

Reargument Denied Jan. 12, 1990.

William R. Pouss, Chief Counsel, Harrisburg, for petitioner.

Frank J. Madey, Kasick & Madey, Allentown, for respondents.

Before BARRY and SMITH, JJ., and BARBIERI, Senior Judge.

SMITH, Judge.

The Pennsylvania Game Commission (Commission) seeks review of a decision of the Board of Property (Board) which determined that Russell H.I. Ulrich and Dorothy M. Ulrich (Ulrichs) have superior title to approximately thirty-eight acres of land located on Blue Mountain in the Township of Heidelberg, Lehigh County (Property). The Board's decision is affirmed.

The Ulrichs initiated proceedings before the Board by filing a petition to quiet title against the Commission requesting a decree by the Board that the Ulrichs hold legal title to the Property. The Commission filed an answer and new matter raising inter alia the affirmative defenses of de facto condemnation and adverse possession. The Commission formally withdrew the adverse possession claim at the August 11, 1986 hearing. Counsel for the parties stipulated to the deeds submitted at hearing.

The Ulrichs claimed that their chain of title originated in 1888 when the Estate of Andrew Loeffler conveyed title of the Property to Margaret Loeffler. Andrew Loeffler's title is attributed to an unrecorded conveyance. The Board found that in 1895, the Estate of Margaret Loeffler conveyed title to the Property by recorded deed to Mary Ulrich, Russell H.I. Ulrich's grandmother. Mr. Ulrich obtained title of the Property through purchase and inheritance from his parents' estates in 1936.

The Commission's asserted chain of title dates back to the 1793 recorded Mordecai Piersol Warrant (Warrant) which originally contained 426 acres. It is undisputed that the

Property is a portion of the 426 acres described in the Warrant. The Board further found that in 1889, David Leiby conveyed by recorded deed 388 acres of the Warrant to Joseph Fink and that in 1961 the commission acquired property in Heidelberg Township through deed from Irene Handwerk. Although the Handwerk Deed identified 388 acres of the Warrant, the Commission argues that it in fact contained all of the original 426 acres and that this difference was the result of changes in surveying techniques. The Board concluded that the reduction in acreage from 426 to 388 acres appearing in the 1889 conveyance to Joseph Fink corresponds with the conveyance to Margaret Loeffler through the Estate of Andrew Loeffler in 1888 as well as a subsequent conveyance to Mary Ulrich in 1895. Board Findings of Fact Nos. 7–8, 11–13.

█ The Commission claims that the Board erred in concluding that the Ulrichs were the rightful owners of the Property and therefore the findings of fact are not supported by substantial evidence. The Commission further argues that it should be entitled to the benefit of the recording statutes, citing Section 1 of the Act of March 18, 1775, 1 Sm.L. 422, *as amended*, 21 P.S. § 444. Lastly, the Commission argues that its actions in posting signs and otherwise treating the Property as game land constituted a de facto condemnation of the subject property.[1]

█ To prevail in an action to quiet title, a plaintiff must establish title by a fair preponderance of the evidence. *Kaiser Energy, Inc. v. Department of Environmental Resources*, 113 Pa.Commonwealth Ct. 6, 535 A.2d 1255 (1988). This "places upon the plaintiff the burden of proving a prima facie title, which proof is sufficient until a better title is shown in the adverse party." *Hallman v. Turns*, 334 Pa.Superior Ct. 184, 189, 482 A.2d 1284, 1287 (1984). The Board concluded that the Ulrichs met this

1. This Court's scope of review is limited to determining whether constitutional rights have been violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Northrup v. Pennsylvania Game Commission*, 73 Pa.Commonwealth Ct. 389, 458 A.2d 308 (1983).

burden of proof. A review of the record demonstrates that the findings are supported by substantial evidence which support the Board's conclusion. Deeds, tax bills, and a real estate broker's letter to the Commission established the Ulrichs' right to recovery. Mr. Ulrich's testimony as to his use of the Property since 1925 and payment of taxes assessed against the property since 1936 further established his right to quiet title.

The Commission unsuccessfully attempted to establish a better title in the Property. Moreover, the Commission's own witnesses helped to strengthen the Ulrichs' right to recovery. The witnesses were unable to affirmatively establish whether the Ulrichs' property was specifically tagged, posted or blazed nor could the Commission's witnesses present any documentation regarding a change in the surveying techniques. Accordingly, the Commission's failure to establish a better title permits the Board to award title to the Ulrichs. Contrary to the Commission's assertion, the Board did not reverse the burden of proof but rather shifted the burden to the Commission once the Ulrichs established prima facie title.

The Commission next argues that it should be entitled to the protection of the recording statutes since the Ulrichs' chain of title was based on an unrecorded deed thus barring them from title. The Commission relies upon 21 P.S. § 444 which provides in part:

All deeds and conveyances, which, from and after the passage of this Act shall be made and executed within this Commonwealth of or concerning any lands, tenements or hereditaments in this Commonwealth, or where the title to the same may be in any way affected in law or equity shall ... be recorded in the office for the recording of deeds where such lands, tenements or hereditaments are lying and being, within ninety days after the execution of such deeds or conveyance, and every such deed and conveyance that shall at any time after the passage of this Act be made and executed in this Commonwealth, and which shall not be proved and recorded

as aforesaid shall be adjudged fraudulent and void against any subsequent purchaser ... or a valid consideration ... and all deeds or conveyances that have been made or executed prior to the passage of this Act ... which shall not be recorded in the office for the recording of deeds in the county where said lands and tenements and hereditaments are lying and being, within ninety days after passage of this Act, shall be adjudged fraudulent and void as to any subsequent purchaser for a valid consideration....

The purpose of the recording statutes is to protect subsequent bona fide purchasers from injuries caused by secret pledges of property. *Land v. Pennsylvania Housing Finance Agency,* 101 Pa.Commonwealth Ct. 179, 515 A.2d 1024 (1986). Pennsylvania recording laws, however, do not render invalid an unrecorded interest in land. *Id.,* 101 Pa.Commonwealth Ct. at 184, 515 A.2d at 1026. The Board therefore concluded that the Commission failed to prove that it was a bona fide purchaser of the thirty-eight acres of land in dispute and further that the Commission did not acquire the Property when it purchased acreage from Irene Handwerk in 1961. The record supports this conclusion.

 Lastly, the Commission argues that its actions such as posting signs on the Property and otherwise treating the Property as game land constituted a de facto condemnation of the Property. The Board concluded that the Commission did not establish this affirmative defense. It is evident that the Commission failed to establish a de facto condemnation as the testimony of record indicated that the Commission's tagging, posting and blazing occurred outside of the boundaries of the Property. Mr. Ulrich openly used and possessed this land since 1922 or 1925 for hunting and collecting firewood and held the land open to the public for hunting. To establish a de facto condemnation, the Commission must prove that it was clothed with the power of eminent domain and had substantially deprived the Ulrichs of the use and enjoyment of their property. *McGaffic v. Redevelopment Authority of the*

*City of New Castle,* 120 Pa.Commonwealth Ct. 199, 548 A.2d 653 (1988). The Commission's actions clearly did not affect the Ulrichs' material rights and enjoyment of the Property.

This Court finds no error by the Board and accordingly affirms its decision.

## ORDER

AND NOW this 3rd day of November, 1989, the decision of the Board of Property is affirmed.