HUTCHINSON, Circuit Judge,
concurring.
I concur in the result the Court reaches in this case and join its mandate reversing the order N the district court and remanding the case to it with instructions that it in turn remand the case to the bankruptcy court for the development of a full record, including findings of fact to the extent necessary to eliminate the conflict between the bankruptcy court’s order of sale free and clear of liens and its final decree purporting to reimpose a lien after it confirmed the sale of the property free and clear. I write separately to express my view that resolution of the conflict between the bankruptcy court’s order of sale and its final decree should not operate to deprive a person who purchased the property directly from the bankruptcy court in good faith reliance on the order of sale, or subsequent good faith purchasers, of the right to enjoy the property free and clear of liens, in accordance with the confirmed order of sale.
I agree with the Court that the presence of conflicting orders distinguishes this case from In re Hall’s Motor Transit Co., 889 F.2d 520 (3d Cir.1989). In Hall’s Motor Transit, the purchaser at the bankruptcy sale sought the right to continue using the property for a motor freight terminal, Id. at 522, a right of use that was not mentioned or otherwise secured by the order of sale, Opinion of the Court, at 265-66. Here, the final decree may impinge on a right the order of sale directly confers on the purchaser. In Hall’s Motor Transit, the bankruptcy court’s jurisdiction over the property lapsed when the property left the debtor’s estate. Hall’s Motor Transit, 889 F.2d at 522 (citing Matter of Xonics, Inc., 813 F.2d 127, 131 (7th Cir.1987)). Here, the objection to the language of the final decree that purports to impose upon the purchaser liability for what is described as *269 Delaware County’s tax lien is related to the bankruptcy because modification or elimination of the final decree’s provision concerning a county tax claim “could alter the debtor’s rights, liabilities, options, or freedom of action ... and ... impact[ ] upon the handling and administration of the bankrupt estate.” Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir.1984). I also agree with the Court that the present dispute about the validity and effect of the portion of the final decree that attempts to reimpose a lien upon property the estate had already sold free and clear is a core proceeding that the bankruptcy court has the power to hear and determine. See In re Meyertech Corp., 831 F.2d 410, 416 (3d Cir.1987); 28 U.S.C.A. § 157(b)(2)(E), (N) (West Supp.1991).
Nevertheless, since the property itself has left the estate, I believe the bankruptcy court’s power to affect the rights of purchasers is limited. Indeed, the Court intimates as much at two places in its opinion. See Opinion of the Court, at 268 (“[I]f the bankruptcy court were required to vacate the sale of the property, order creditors to disgorge funds, vacate the order approving the disclosure statement, and vacate the order confirming the reorganization plan [in order to provide the relief sought], we might be compelled to affirm.”); id. at 267 (the result on remand could be, “[a]t worst, [that] the county would be forced to forego its priority tax claim.”). Thus, I do not believe the language in the Court’s opinion concerning the general equitable powers of a bankruptcy court or its powers under Federal Rule of Civil Procedure 60(b)(6) and Bankruptcy Rule 9024 to relieve a party or a party’s legal representative, in the interest of justice, from the consequences of a mistake in an order, judgment or decree is intended to open the way to modification of the order of sale in a manner that would adversely affect rights expressly granted to persons who have purchased the property so sold in good faith reliance upon the bankruptcy court’s confirmed order. This is not to say that an order of sale can never be modified, pursuant to Rule 60(b)(6) or otherwise, if evidence is produced to show that the purchaser at the bankruptcy sale acted in bad faith or otherwise misled the court about .the existence of potential liens like the tax lien Delaware County is said to hold or if the purchaser at the bankruptcy sale or any subsequent purchaser had otherwise entered into a binding and enforceable understanding with the debtor or the holder of the lien to assume responsibility for payment, without advising the bankruptcy court of that fact.
I do not believe, however, that such an understanding or agreement or misrepresentation by a purchaser at a bankruptcy sale should affect the rights of any subsequent good faith purchaser who lacked notice of that understanding or misrepresentation and relied on the terms of the bankruptcy court’s order of sale. Even reversal on appeal of a sale order for property of a bankrupt’s or debtor’s estate does not affect a good faith purchaser’s rights in the property unless a stay is entered pending appeal. See In re Highway Truck Drivers & Helpers Local Union # 107, 888 F.2d 293, 297 (3d Cir.1989). In such a case, the purchaser is protected even though he knows that an appeal of the order of sale is pending. See 11 U.S.C.A. § 363(m) (West 1979). I think the rights of a subsequent good faith purchaser without notice of an off-record agreement or misunderstanding should also be entitled to protection. “[After a sale t]he property may not be hauled back into the estate, and the terms of the sale are inviolate in the absence of fraud or collusion.” In re Chicago, Rock Island & Pac. R.R. Co., 794 F.2d 1182, 1186 (7th Cir.1986). “Otherwise, anyone who could trace his title to a bankrupt could invoke [the bankruptcy court’s] jurisdiction to settle disputes affecting that property.” Xonics, 813 F.2d at 131.[1] Accordingly, once the order of sale is final, I think the rights of subsequent good faith purchasers are determined under state law, in this case Pennsylvania’s, in a state court. See generally Commonwealth, Pa. Game *270 Comm’n v. Ulrich, 129 Pa.Cmwlth. 376, 565 A.2d 859, 861 (1989) (recording statutes intended to protect subsequent bona fide purchasers from secret or non-record agreements).
Accordingly, if the money owed Delaware County for taxes is secured by a lien, I do not think the bankruptcy court’s later conflicting order can affect anyone who purchased in good faith reliance on the order’s provision that the sale be free and clear of liens.
The lien and priority status of municipal tax claims in bankruptcy is not, however, a simple subject. Indeed, on the record before us, I cannot even tell whether the Delaware County tax lien was created pre- or post-petition. Conceivably, resolution of this question could eliminate the conflict between the orders in question since post-petition liens may run afoul of the automatic stay. See Makoroff v. City of Lockport, N.Y., 916 F.2d 890 (3d Cir.1990), cert. denied, — U.S. -, 111 S.Ct. 1640, 113 L.Ed.2d 735 (1991). In Makoroff, we held that liens for city and county real property taxes that were created, not just perfected, post-petition violated the automatic stay because they constituted a property interest that the taxing authorities did not have at the time of the filing of the petition. Id. at 894. Liens, however, that attached pre-petition are valid in bankruptcy, see Equibank, N.A. v. Wheeling-Pittsburgh Steel Corp., 884 F.2d 80, 83 (3d Cir.1989), as are liens created pre-petition but perfected post-petition, Makoroff, 916 F.2d at 892. Equibank provides a general guide to the effect of a lien’s status on the treatment of a debtor’s property taxes:
The bankruptcy code permits tax liens to remain attached to secured property as of the date of the petition and entry of the stay. See 11 U.S.C. § 362. Where the liens are attached as of the date of the stay, the trustee has the power to sell the property free and clear of the liens by taking the liens out of the proceeds of sale. See 11 U.S.C. § 363(b). The code also provides two options for payment of taxes that have not attained lien status as of the date of the entry of the stay. First, they may be payable by the trustee, either as first priority administrative expenses, see 11 U.S.C. § 503(b)(l)(B)(i), or as seventh priority expenses, 11 U.S.C. § 507(a)(1). Second, they may be payable by the secured creditor as payment for benefit received, see 11 U.S.C. § 506(c).
Equibank, 884 F.2d at 83.
Whether the present objectors have the status of good faith purchasers or whether Delaware County has a lien for its taxes and, if it does, how it shall be provided for are, of course, matters not yet decided. Their resolution must await the consideration of the bankruptcy court on remand. If the facts, as they are developed, show that Delaware County has a lien for its taxes and that the objectors purchased the property in good faith reliance on the bankruptcy court’s confirmed order of sale free and clear of all liens, I believe they would be entitled to have the provision in the final decree that requires the purchaser to pay Delaware County’s tax lien set aside or at least modified pursuant to Rule 60(b)(6), to the extent necessary to the extent necessary to protect the rights under the sale.

. The quoted language from Xonics can be read to apply only to remote purchasers. In our case, at least some of the objectors are aggrieved parties directly affected by the conflict between the order of sale and the final decree and as such should be able to assert their rights directly in the bankruptcy court.