IN THE COMMONWEALTH COURT OF PENNSYLVANIA

MERSCORP, Inc. n/k/a MERSCORP : 
Holdings, Inc.; Mortgage Electronic : No. 523 C.D. 2016
Registration Systems, Inc.; : Argued:  October 19, 2016
Bank of America, N.A.; :
CitiMortgage, Inc.; Citibank, N.A.; :
Credit Suisse Financial Corporation; :
Everhome Mortgage Company; :
JP Morgan Chase Bank, N.A.; :
State Farm Bank F.S.B.; Wells Fargo :
Bank, N.A.; Sovereign Bank; HSBC :
Bank USA, N.A.; HSBC Finance :
Corporation; Gateway Funding :
Diversified Mortgage Services, L.P. :
n/k/a Finance of America Mortgage LLC; :
Customers Bancorp, Inc.; Customers :
Bank; The Bank of New York Mellon; :
The Bank of New York Mellon Trust :
Company, N.A.; Deutsche Bank National :
Trust Company; Deutsche Bank Trust :
Company Americas; Santander Bank, :
N.A. f/k/a Sovereign Bank, N.A.; and :
Trident Mortgage Company, L.P., :
:
Appellants :
:
v. :
:
Delaware County, Pennsylvania, :
Recorder Of Deeds, By and Through :
Thomas J. Judge, Sr., In His Official :
Capacity As The Recorder Of Deeds :
Of Delaware County, Pennsylvania; :
Frederick C. Sheeler, In His Official :
Capacity As Recorder Of Deeds :
In And For The County Of Berks, :
Pennsylvania; The Office Of The :
Recorder Of Deeds In And For :
The County Of Berks, Pennsylvania; :
The County Of Berks, Pennsylvania; :
Joseph J. Szafran, In His Official :
Capacity As Recorder Of Deeds :

In And For The County Of Bucks,                :
Pennsylvania; The Office Of The               :
Recorder Of Deeds In And For The              :
County Of Bucks, Pennsylvania;                :
The County Of Bucks, Pennsylvania;            :
Richard T. Loughery, In His Official          :
Capacity As The Recorder Of Deeds             :
In And For The County Of                       :
Chester, Pennsylvania; The Office Of          :
The Recorder of Deeds In And For The          :
County Of Chester, Pennsylvania; and          :
The County of Chester, Pennsylvania           :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE JULIA K. HEARTHWAY, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge

OPINION BY JUDGE WOJCIK                    FILED:  May 4, 2017


In this interlocutory appeal, involving coordinated actions, MERSCORP, Inc., n/k/a MERSCORP Holdings, Inc., Mortgage Electronic Registration Systems, Inc., and the additional above-named appellants, (collectively, Appellants), appeal from the February 12, 2016 order of the Court of Common Pleas of Delaware County denying their preliminary objections to complaints filed by the Recorders of Deeds for Berks, Bucks, Chester, and Delaware Counties, and the Counties of Berks, Bucks, and Chester, Pennsylvania (collectively, the Recorders).  We reverse.

Petitioner MERSCORP, Inc., n/k/a MERSCORP Holdings, Inc. (MERSCORP) owns and operates the MERS® System, a national electronic registry system for mortgage loans secured by residential real estate.  Petitioner

Mortgage Electronic Registration Systems, Inc. (MERS), MERSCORP's wholly-owned subsidiary, serves as a mortgagee of record for mortgage loans registered in the MERS® System. Under the MERS® System, when the promissory note associated with a loan is transferred from one MERS® System member to another, MERS remains as the mortgagee and title holder of the mortgage. The remaining appellants are financial institutions alleged to have improperly used and/or otherwise benefited from the MERS® System to circumvent statutory recording and fee requirements.

This appeal arose from four lawsuits filed by the Recorders.[1] In each action, the Recorders claim that Section 1 of the Act of May 12, 1925, P.L. 613, *as amended*, 21 P.S. §351 (Section 351), requires Appellants' transfers of interests in promissory notes to be recorded as mortgage assignments in county land records. The Recorders contend that Appellants violated Section 351 by not recording documents and paying recording fees when a promissory note associated with a mortgage loan was transferred from one MERS® System member to another. The Recorders assert six different claims: a statutory claim for violation of Section 351; aiding and abetting a violation of Section 351; civil conspiracy to violate Section 351; quiet title; unjust enrichment; and a request for declaratory and injunctive relief to require the recording of mortgage assignments. Each of these claims is based on two legal assumptions: first, that Section 351 imposes a

_____

[1] The Recorder for Delaware County filed a complaint in the Court of Common Pleas of Delaware County (trial court) in October 2013 and an amended complaint in October 2015. The Recorders for Chester and Bucks Counties filed complaints in the Courts of Common Pleas of Chester and Bucks County in October 2014, and the Recorder for Berks County filed an action in Berks County Court of Common Pleas in October 2015. The latter three lawsuits were coordinated with the Delaware County action in April and October 2015.

duty to record mortgage assignments; and second, that the Recorders have a statutory right to enforce Section 351.

In its entirety, Section 351 (Failure to record conveyance) states as follows:

> All deeds, conveyances, contracts, and other instruments of writing wherein it shall be the intention of the parties executing the same to grant, bargain, sell, and convey any lands, tenements, or hereditaments situate in this Commonwealth, upon being acknowledged by the parties executing the same or proved in the manner provided by the laws of this Commonwealth, shall be recorded in the office for the recording of deeds in the county where such lands, tenements, and hereditaments are situate. Every such deed, conveyance, contract, or other instrument of writing which shall not be acknowledged or proved and recorded, as aforesaid, shall be adjudged fraudulent and void as to any subsequent bona fide purchaser or mortgagee or holder of any judgment, duly entered in the prothonotary's office of the county in which the lands, tenements, or hereditaments are situate, without actual or constructive notice unless such deed, conveyance, contract, or instrument of writing shall be recorded, as aforesaid, before the recording of the deed or conveyance or the entry of the judgment under which such subsequent purchaser, mortgagee, or judgment creditor shall claim. Nothing contained in this act shall be construed to repeal or modify any law providing for the lien of purchase money mortgages.

21 P.S. §351.

Virtually identical claims were asserted by the Montgomery County Recorder of Deeds in *Montgomery County v. MERSCORP*, 904 F. Supp. 2d 436 (E.D. Pa. 2012); the district court declared that Appellants are obligated to create and record written documents memorializing the transfer of the promissory notes. The parties agreed to stay these actions while an appeal was pending, and

3

subsequently, the Court of Appeals reversed and held that Section 351 does not create a duty to record all land conveyances. *Montgomery County, Pennsylvania, Recorder of Deeds v. MERSCORP, Inc.*, 795 F.3d 372 (3rd Cir. 2015) (*Montgomery County*).

In doing so, the court determined that the statute's language "shall be recorded," when read in context, "indicates that not every conveyance must be recorded, but only that conveyances must be recorded in the county where the property is situated in order to preserve the property holder's rights as against a subsequent bona fide purchaser." *Id.* at 376. In a footnote, the court added that "the Recorders' lack of an express or implied right of action under Section 351 would provide an independent ground for judgment in favor of MERS." 795 F.3d at 379 n.8.

Following the decision in *Montgomery County,* Appellants filed joint preliminary objections, Reproduced Record (R.R.) at 351a-57a, which the trial court denied. Appellants then sought an interlocutory appeal, asserting that the trial court's ruling conflicts with the Third Circuit's decision. The trial court refused to certify its order under 42 Pa.C.S. §702(b) (related to interlocutory appeals by permission). This Court granted Appellants' petition for review, filed pursuant to the note to Pa. R.A.P. 1311, to consider two issues: (1) whether Section 351 requires the recording of all mortgages and mortgage assignments; and (2) whether the General Assembly conferred on the Recorders a right of action to enforce Section 351.

4

Before this Court,[2] Appellants argue that the trial court erred in overruling their preliminary objections; Appellants assert that the Recorders' complaints must be dismissed because Section 351 does not mandate the recording of every mortgage and mortgage assignment. Instead, Section 351 provides a mechanism for the holder of a mortgage lien to establish priority of its lien by recording the mortgage in the county in which the property is located.

While the Recorders argue that the words "shall be recorded" are mandatory, Appellants contend that the Recorders' interpretation of the statute fails to consider Section 351 in its entirety. Appellants argue that the text of Section 351, taken as a whole, simply advises property owners of the steps they must take to safeguard their interests. Notably, Section 351 does not specify who must record the conveyance of real property: the assignor, the assignee, or some other person or entity; nor does it state when the recording must take place. Further, Section 351 does not indicate how or by whom such a duty would be enforceable, or that a failure to record constitutes a violation of the statute. It does, however, set forth one consequence of a failure to record, which is that every conveyance not recorded "shall be adjudged fraudulent and void as to any subsequent bona fide purchaser or mortgagee or holder of any judgment . . . unless such . . . conveyance . . . shall be recorded, as aforesaid, before the recording of the [subsequent purchaser's] deed or conveyance . . . ." 21 P.S. §351.

Accordingly, we agree with the court's conclusion in *Montgomery County* that, "Section 351 does not issue a blanket command that all conveyances

---

[2] Because the denial of the preliminary objections raises questions of law, our standard of review is *de novo* and our scope of review is plenary. *Seeton v. Pennsylvania Game Commission*, 937 A.2d 1028, 1032 n.4 (Pa. 2007).

5

must be recorded; it states that a conveyance 'shall be recorded' in the appropriate place, or else the party risks losing his interest in the property to a bona fide purchaser." 795 F.3d at 377. While the plain language of Section 351 "informs property owners of what steps they must take in order to safeguard their interests [it] does not in any way state or imply that failure to record constitutes [an enforceable] violation of the statute . . . ." 795 F.3d at 377-78.

Our conclusion is grounded in the clear language of the statute, and it also is supported by a body of case law interpreting Pennsylvania recording laws that specifically addresses the purpose of those statutes and the effect of a failure to record an interest in land.

In accord with the statutory language, Pennsylvania courts have consistently interpreted Section 351, as well as the similar language contained in Section 1 of the Act of April 24, 1931, P.L. 48, 21 P.S. §356,[3] and Section 1 of the Act of March 18, 1775, Sm.L. 422, 21 P.S. §444,[4] as intending to protect

---

[3] It states:

> All agreements in writing relating to real property situate in this Commonwealth by the terms whereof the parties executing the same do grant, bargain, sell, or convey any rights or privileges of a permanent nature pertaining to such real property, or do release the grantee or vendee thereunder against damages which may be inflicted upon such real property at some future time, shall be acknowledged according to law by the parties thereto or proved in the manner provided by law, and shall be recorded in the office for the recording of deeds in the county or counties wherein such real property is situate.

21 P.S. §356.

[4] It states:

**(Footnote continued on next page…)**

subsequent mortgagees and purchasers. Additionally, cases referencing Section 351's recording requirement invariably relate to the validity of the deed or instrument *vis-à-vis* another, such as a subsequent purchaser, bankruptcy trustee, judgment creditor or an opposing party in a zoning dispute or tax sale; the issue of recording under Section 351 most commonly arises when a party seeks to enforce rights that are set forth in an unrecorded document. *See, e.g., Walsh v. East Pikeland Township*, 829 A.2d 1219 (Pa. Cmwlth. 2003) (unrecorded deed restriction could not serve as the basis to deny a subsequent purchaser's sketch

---

**(continued…)**

> All deeds and conveyances which, from and after the passage of this act, shall be made and executed within this commonwealth of or concerning any lands, tenements or hereditaments in this commonwealth, or whereby the title to the same may be in any way affected in law or equity, shall be acknowledged by the grantor . . . or proved by one or more of the subscribing witnesses thereto . . . and shall be recorded in the office for the recording of deeds where such lands, tenements or hereditaments are lying and being, within ninety days after the execution of such deeds or conveyance, and every such deed and conveyance that shall at any time after the passage of this act be made and executed in this commonwealth, and which shall not be proved and recorded as aforesaid, shall be adjudged fraudulent and void against any subsequent purchaser or mortgagee for a valid consideration, or any creditor of the grantor or bargainor in said deed of conveyance, and all deeds or conveyances that may have been made and executed prior to the passage of this act, having been duly proved and acknowledged . . . which shall not be recorded in the office for recording of deeds in the county where said lands and tenements and hereditaments are lying and being, within ninety days after the date of the passage of this act, shall be adjudged fraudulent and void as to any subsequent purchaser for a valid consideration, or mortgagee, or creditor of the grantor, or bargainor therein.

21 P.S. §444.

7

plan for subdivision of the property); *Poffenberger v. Goldstein*, 776 A.2d 1037, 1042 (Pa. Cmwlth. 2001) (finding that one party had superior title "would be to ignore the purpose and effect of Pennsylvania's recording statutes, which are intended to protect bona fide purchasers"); *Land v. Pennsylvania Housing Finance Agency*, 515 A.2d 1024, 1026-27 (Pa. Cmwlth. 1986) ("The effect of [Section 351] is to protect subsequent bona fide purchasers. . . . Clearly, Pennsylvania's recording laws do not render invalid an unrecorded interest in land."); *Roberts v. Estate of Pursley,* 700 A.2d 475, 841, 844 (Pa. Super. 1998) (the purpose of the recording statutes is to protect bona fide purchasers). *See also United States v. Crissman*, No. 4:09-CV-1884, 2011 U.S. Dist. LEXIS 110705 (M.D. Pa. 2011) (Section 351 did not support argument that unrecorded mortgage was invalid; Section 351 merely establishes Pennsylvania as a race recording system.).

As indicated above, the failure to record a deed or mortgage is of limited consequence: Pennsylvania law recognizes an unrecorded interest in property as valid. *Pennsylvania Game Commission v. Ulrich*, 565 A.2d 859, 862 (Pa. Cmwlth. 1989) (Pennsylvania recording laws do not render invalid an unrecorded interest in land.). *Ulrich* was a quiet title action brought by private landowners in which the Game Commission argued that it should be entitled to the benefit of recording statutes where the landowners' claim to title was based on an unrecorded deed. This court rejected that argument, explaining that the "purpose of recording statutes is to protect subsequent bona fide purchasers from injuries caused by secret pledges of property." 565 A.2d at 861. We concluded that the Game Commission failed to prove that it was the bona fide purchaser of 38 acres of land or that it had acquired title to the parcel as part of a larger land grant originally conveyed in 1793; rather, we held that the fact that the landowners' title

8

stemmed from an unrecorded conveyance in violation of 21 P.S. §444 did not render the landowners' interest invalid.

As the court aptly noted in *Montgomery County*, if Section 351 requires the recording of all conveyances, "it does not follow that Pennsylvania courts would recognize unrecorded conveyances as valid." 795 F.3d at 377.

Pennsylvania courts have applied these same principles to the recording of mortgages and their assignments. In *US Bank N.A. v. Mallory*, 982 A.2d 986, 993 (Pa. Super. 2009), our sister court observed that Pa. R.C.P. No. 1147(a)(1) "does not require that a party have a recorded assignment as a prerequisite to filing a complaint in mortgage foreclosure." Indeed, "[t]he recording of an assignment of mortgage has no legal import between the parties to the assignment as it is not a prerequisite to [a bank] having standing to seek enforcement of the mortgage via a mortgage foreclosure action. The mere fact that an assignment goes unrecorded, even for an extended period of time, does not negate a validly executed assignment." *Jobe v. Wells Fargo Bank, N.A.,* No. 10-1710, slip op. at 16-17, 2014 U.S. Dist. LEXIS 8035, at *16-17 (M.D. Pa. 2014) (quotation and citations omitted). It does, however, give constructive notice to a subsequent purchaser. *First Citizens National Bank v. Sherwood*, 879 A.2d 178, 181 (Pa. 2005). Accordingly, "case law in Pennsylvania does not require mortgage assignments to be recorded." *United States v. Green*, No. 96-7275, slip op. at 32, 1998 U.S. Dist. LEXIS 4821, at *32 (E.D. Pa. 1998).

In response to Appellants' arguments on appeal, the Recorders assert that the Third Circuit Court of Appeals erred in *Montgomery County* by impermissibly rewriting Section 351, failing to apply this Court's holding in

*Chesapeake Appalachia, LLC v. Golden*, 35 A.3d 1277 (Pa. Cmwlth. 2012), and ignoring Pennsylvania's unique public land recording history. We disagree.

First, as discussed above, the plain language of Section 351 is clear, its purpose has been addressed by the courts on numerous occasions, and the decision in *Montgomery County* is in accord with that body of case law.

Similarly, we discern no support for the Recorders' position in *Chesapeake Appalachia*. In that case, the Wayne County Recorder of Deeds (Recorder) refused to record four multiple lease assignments, containing twenty-six, thirty-nine, fifty-five, and ninety-one leases, presented for recording by Chesapeake Appalachia, LLC (Chesapeake). Chesapeake sought mandamus relief from the trial court, which granted Chesapeake summary judgment and issued an order directing the Recorder to rescind her policy against recording blanket assignments. The Recorder appealed to this Court, and we affirmed.

In doing so, we determined that leases and assignments of leases are entitled to be recorded under Pennsylvania law and that Section 351 requires the Recorder to record such written instruments. *Id.* at 1280-81. We cited as persuasive the Superior Court's decision in *Lesnick v. Chartiers Natural Gas Company*, 889 A.2d 1282, 1284-85 (Pa. Super 2005), and its observation that Section 351 requires all transferences of real property to be recorded *or else* be judged fraudulent and void as to any subsequent purchaser. As additional persuasive authority, we quoted the United States District Court for the Middle District of Pennsylvania's decision in *Woodward v. Bowers*, 630 F. Supp. 1205, 1207 (M.D. Pa. 1986) (emphasis omitted), summarizing the duty of a recorder of deeds:

> In short, the Recorder is a ministerial officer charged with recording all documents presented to him. The only situations in which a Recorder may refuse to record a

10

> document presented to him are where the appropriate fee is not paid, where the document is not of the type that is statutorily entitled to recording . . . and where the document on its face lacks a proper acknowledgment. The Recorder is truly just a "custodian" of documents.

Rather than supporting Recorders' contentions, our decision in *Chesapeake Appalachia* illustrates that the role of the Recorders is to perform such ministerial acts as required by statute. Neither Section 351, other recording provisions, nor decisions of Pennsylvania courts recognize a recorder of deed's discretion, obligation, or authority beyond that set forth in the statutory framework.

Finally, to support their contention that Section 351 absolutely mandates the recording of a mortgage assignment, the Recorders provide extensive discussion concerning the history of Pennsylvania recording laws, quoting statutes enacted in 1682, 1715, 1775, and 1841. However, the body of case law addressing the purpose and effect of Pennsylvania's recording laws reflects no support for the Recorders' interpretation of Section 351.

Were we to reach a different conclusion as to whether Section 351 imposes a mandatory recording requirement, we would agree with the court in *Montgomery County* that there is no language in Section 351, or other statutory provision governing Recorders of Deeds generally, which imposes an obligation or confers authority upon the Recorders to enforce Section 351.

The Recorders argue that the consequences of mandating recording would better serve the public interest. They base their assertions of standing in part on their "obligation to protect the public," as discussed in *Schaeffer v. Frey*, 589 A.2d 752, 756 (Pa. Super. 1991). In that case a common pleas judge sought injunctive relief against the county recorder of deeds; the judge sought to prohibit the de-binding of county deed books during a county project to reproduce the deed

11

books onto microfilm. In affirming the denial of injunctive relief, the court discussed the duties of the recorder of deeds, stating as follows:

> The primary duty of the recorder of deeds is to serve the public by receiving and duly recording any recordable instruments so as to serve the future necessities of the law. [Section 1 of the Act of May 28, 1715, 1 Sm.L. 94, 16 P.S. §9701], *repealed where inconsistent with* Act of Aug. 4, 1955, P.L. 303, §3; 76 C.J.S. *Registers of Deeds* §§1, 10(b) (1952) (stating the recorder's duty "is to record deeds, mortgages, and other instruments affecting realty in the official books provided and kept for such purpose"). As the custodian of the recording books, or deed records, the recorder of deeds "is obligated to protect the public . . . in preserving the integrity of the official records of his [or her] office." 76 C.J.S. *Registers of Deeds* §10(b). In 1775, the legislature of Pennsylvania first described the duty of the recorder of deeds. As originally enacted, the recorders of deeds "shall keep a fair book, in which he [or she] shall immediately make an entry of every deed or writing brought into his [or her] office to be recorded." [Section 6 of the Act of March 18, 1775, 1 Sm.L. 422, 16 P.S. §9731], *repealed where inconsistent with* Act of Aug. 4, 1955, P.L. 303, §3.

> \* \* \*

> We conclude the recorder of deeds, as the custodian of the county deed books, has the duty and responsibility to safeguard the deed records within her custody.

589 A.2d at 756. Rather than provide grounds for standing, the decisions in *Chesapeake Appalachia* and *Schaeffer* confirm that the duty owed by the Recorders to the public is to record and safeguard the records that are properly presented for recording. Unsurprisingly, the Recorders cite no authority suggesting that their obligations and authority include protecting the public from the myriad of harm they argue is sure to result from the allegedly inaccurate and

12

unreliable records in the MERS® System.  In response to the Recorders' contention that they are the only entities with a sufficient interest in this matter to "vindicate the purpose of the recording acts and protect Pennsylvania citizens from fraud related to land records," (Brief at 54-55), we respectfully observe that such concerns are more appropriately protected by the Attorney General.

Importantly, and as the court observed in *Montgomery County,* in this appeal "we are not called upon to evaluate how MERS impacts various constituencies or to adjudicate whether MERS is good or bad."  795 F.3d at 379. To the extent that public policy matters are implicated in this appeal, there is no question that matters of public policy are solely committed to the legislature, and not this Court.

Accordingly, we reverse.

_____
MICHAEL H. WOJCIK, Judge


Judge Cohn Jubelirer did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| MERSCORP, Inc. n/k/a MERSCORP Holdings, Inc.; Mortgage Electronic Registration Systems, Inc.; Bank of America, N.A.; CitiMortgage, Inc.; Citibank, N.A.; Credit Suisse Financial Corporation; Everhome Mortgage Company; JP Morgan Chase Bank, N.A.; State Farm Bank F.S.B.; Wells Fargo Bank, N.A.; Sovereign Bank; HSBC Bank USA, N.A.; HSBC Finance Corporation; Gateway Funding Diversified Mortgage Services, L.P. n/k/a Finance of America Mortgage LLC; Customers Bancorp, Inc.; Customers Bank; The Bank of New York Mellon; The Bank of New York Mellon Trust Company, N.A.; Deutsche Bank National Trust Company; Deutsche Bank Trust Company Americas; Santander Bank, N.A. f/k/a Sovereign Bank, N.A.; and Trident Mortgage Company, L.P., | : No. 523 C.D. 2016<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Appellants | : |
| v. | : |
| Delaware County, Pennsylvania, Recorder Of Deeds, By and Through Thomas J. Judge, Sr., In His Official Capacity As The Recorder Of Deeds Of Delaware County, Pennsylvania; Frederick C. Sheeler, In His Official Capacity As Recorder Of Deeds In And For The County Of Berks, Pennsylvania; The Office Of The Recorder Of Deeds In And For The County Of Berks, Pennsylvania; The County Of Berks, Pennsylvania; Joseph J. Szafran, In His Official | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

Capacity As Recorder Of Deeds         :
In And For The County Of Bucks,       :
Pennsylvania; The Office Of The       :
Recorder Of Deeds In And For The      :
County Of Bucks, Pennsylvania;        :
The County Of Bucks, Pennsylvania;    :
Richard T. Loughery, In His Official  :
Capacity As The Recorder Of Deeds     :
In And For The County Of              :
Chester, Pennsylvania; The Office Of  :
The Recorder of Deeds In And For The  :
County Of Chester, Pennsylvania; and  :
The County of Chester, Pennsylvania   :


O R D E R


AND NOW, this 4th day of May, 2017, the order of the Court of Common Pleas of Delaware County dated February 12, 2016, is reversed.


_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

MERSCORP, Inc. n/k/a MERSCORP     :
Holdings, Inc.; Mortgage Electronic     :
Registration Systems, Inc.;     :
Bank of America, N.A.;     :
CitiMortgage, Inc.; Citibank, N.A.;     :
Credit Suisse Financial Corporation;     :
Everhome Mortgage Company;     :
JP Morgan Chase Bank, N.A.;     :
State Farm Bank F.S.B.;  Wells Fargo     :
Bank, N.A.; Sovereign Bank; HSBC     :
Bank USA, N.A.; HSBC Finance     :
Corporation; Gateway Funding     :
Diversified Mortgage Services, L.P.     :
n/k/a Finance of America Mortgage LLC;     :
Customers Bancorp, Inc.; Customers     :
Bank; The Bank of New York Mellon;     :
The Bank of New York Mellon Trust     :
Company, N.A.; Deutsche Bank National     :
Trust Company; Deutsche Bank Trust     :
Company Americas; Santander Bank,     :
N.A. f/k/a Sovereign Bank, N.A.; and     :
Trident Mortgage Company, L.P.,     :
                        Appellants     :
    :
             v.     :    No. 523 C.D. 2016
    :    Argued:  October 19, 2016
    :
Delaware County, Pennsylvania,     :
Recorder Of Deeds, By and Through     :
Thomas J. Judge, Sr., In His Official     :
Capacity As The Recorder Of Deeds     :
Of Delaware County, Pennsylvania;     :
Frederick C. Sheeler, In His Official     :
Capacity As Recorder Of Deeds     :
In And For The County Of Berks,     :
Pennsylvania; The Office Of The     :
Recorder Of Deeds In And For     :
The County Of Berks, Pennsylvania;     :
The County Of Berks, Pennsylvania;     :
Joseph J. Szafran, In His Official     :
Capacity As Recorder Of Deeds     :

In And For The County Of Bucks, : 
Pennsylvania; The Office Of The : 
Recorder Of Deeds In And For The : 
County Of Bucks, Pennsylvania; : 
The County Of Bucks, Pennsylvania; : 
Richard T. Loughery, In His Official : 
Capacity As The Recorder Of Deeds : 
In And For The County Of : 
Chester, Pennsylvania; The Office Of : 
The Recorder of Deeds In And For The : 
County Of Chester, Pennsylvania; and : 
The County of Chester, Pennsylvania :

BEFORE: HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE P. KEVIN BROBSON, Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE JULIA K. HEARTHWAY, Judge
HONORABLE JOSEPH M. COSGROVE, Judge

**DISSENTING OPINION**
**BY JUDGE BROBSON**　　　　　　　　　　**FILED: May 4, 2017**

The majority offers a cogent analysis of the merits of the dispute that the Recorders of Deeds (Recorders) frame in their coordinated complaints. Preliminary objections dismissing an action outright, however, should only be sustained "where it is clear and free from doubt that the pleader has not pleaded facts sufficient to establish his right to relief." *P.J.S. v. Pa. State Ethics Comm'n*, 669 A.2d 1105, 1008 (Pa. Cmwlth. 1996). Any doubt must be resolved in favor of overruling the preliminary objections. *Id.*

Although I may ultimately adopt the majority's view on the merits, a whiff of doubt remains. I, therefore, would prefer to see this matter mature past the pleadings stage before rendering a final judgment on either the proper

PKB-2

construction of Section 1 of the Act of May 12, 1925, P.L. 613, *as amended*, 21 P.S. § 351, or the authority of the Recorders to maintain their declaratory judgment actions. This may as well have been the preference of the Court of Common Pleas of Delaware County and the rationale for its February 12, 2016 Order, overruling the preliminary objections. I would, therefore, affirm.

_____
P. KEVIN BROBSON, Judge

Judges McCullough and Covey join in this dissent.